DAVID M. DAVIS & BERRY GAZZAWAY, plaintiffs in error, vs. WILLIAM W. ALEXANDER, defendant in error.

The reinstatement of a dismissed case will not be disturbed, when it appears that the plaintiff was not culpably negligent, and that the defence suf-fered nothing by the reinstatement.

Complaint, from Whitfield county. Decision by Judge TRIPPE, at October Term, 1858.

William W. Alexander brought suit (under the form pre-scribed by Act of 1847,) against David M. Davis, as maker, and Berry Gazzaway, as endorser of a promissory note. At the October Term, 1858, of Whitfield Superior Court, the case was called in its order for trial, and plaintiff failing to appear and prosecute his cause, on motion of defendant's counsel, the cause was dismissed, and an order regularly en-tered dismissing the same, with leave to defendant to enter up judgment for cost. A few days after this order was pass-ed, and during the same Term of the Court, the plaintiff appeared by his attorneys, and moved to rescind said order, and to reinstate the case on the docket. This motion was supported by the affidavit of plaintiff, setting forth, that he had employed one B. S. Sterns, an attorney at law, to bring said suit, who died pending the same; that James A. Baird became the administrator of Sterns, who employed C. D.

McCutchin, Esquire, a competent attorney at law, to represent the cases    which Sterns was engaged; that pending said suit plaintiff had held defendants to bail, and Davis has since removed from the State, and the endorser is insolvent, and relying on the arrangement between the administrator of Sterns and McCutchin, plaintiff did not employ other counsel.

*C. D. McCutchin, Esquire,* testified, that he was only employed by Baird, the administrator of Sterns, in cases where the administrator furnished him the evidence; that no note, or other evidence, was ever placed in his hands, relative to this case, and he was therefore never employed in the same, and did not know that the case was pending.

The Court granted the motion, and counsel for defendants excepted.

Jesse A. Glenn, for plaintiff in error.

Johnson & Jackson, *contra.*

*By the Court.*—Benning J. delivering the opinion.

. Was the Court below right in reinstating the case? We think that it was.

It does not appear, that the reinstating of the case, worked any detriment to the defendant's defence, if he had any; and it is not to be presumed, that, it did, as the reinstating happened at the same Term of the dismissal. .

And it can hardly be said, that Alexander was ˙ guilty of culpable negligence. Doubtless, his understanding of what was the agreement between the administrator of Mr. Sterns, and Mr. McCutchin, was, that Mr. McCutchin was engaged to attend to *all* of the cases of Mr. Sterns. And the agreement was, in all probability, intended to cover Alexander's case; for the agreement taken as stated by Mr. McCutchin, extended to all the cases of Mr. Sterns, the administrator, might furnish him the evidence in. And no doubt, the ad-

ministrator meant to furnish him the evidence in this case, for that evidence was but a promissory note. The administrator may have been negligent.

Judgment affirmed.