C. WALLACE, Superintendent Western & Atlantic Railroad, plaintiff in error, *vs.* JOHN W. CASON, defendant in error.

1. Where, upon the trial of a case, a presiding Judge granted a non-suit, stating at the time he was not satisfied with the argument of the legal question upon which such non-suit was awarded, and would grant leave to move to reinstate the case, on the argument of which motion he would decide the question, and the counsel for defendant entered the judgment of non-suit on the minutes, and plaintiff's counsel drew up the motion to reinstate, reciting therein such leave granted as aforesaid, upon which motion the defendant's attorney acknowledged service, and the motion was put on the docket at the same term, there being no entry of it filed by the Clerk thereon, or brief of evidence filed:

*Held,* That it was not error in the Court to hear the motion to reinstate, as it stood upon the docket, and that the motion to reinstate, under the facts of the case, differed from a motion for a new trial, and did not require the formalities or requirements of such motion.

2. When, under the facts just recited, and on the hearing of such motion, counsel moved to amend the minutes of the Court, so as to make them conform to the leave granted to move to reinstate, and the fact being undisputed, as well as sustained by the testimony of the presiding Judge:

*Held,* That it was not error in the Court below to allow the amendment *nunc pro tunc,* under the established principles of law, embodied in the Code, sections 294 and 3449.

3. *Held again,* Where the Court, in an action for damages brought against a railroad for killing stock, when the sum sued for was over the Justice's jurisdiction, and the suit was instituted in the county of defendant's residence, and not under the section 2988 of the Code, granted a non-suit on account of the absence of proof of the notice required by such section of the Code, that such decision was error; as the Superior Courts of this State have original and general jurisdiction in such cases, and the special remedy given by the Code is cumulative merely; and it was proper in the Court below to reinstate the case on the determination of this legal question.

Non-suit.    New Trial.    Amendments.    Suits *vs*. Railroads.    Before Judge LOCHRANE.    Fulton Superior Court. September Term, 1870.

Cason sued Wallace, as Superintendent of the Western & Atlantic Railroad, for killing his horse, by running an engine upon him.    In November, 1869, Judge Pope, presiding, dismissed the case, and so entered upon his docket, and a non-suit was entered upon the minutes.    At the same term, Cason's counsel made out a motion to reinstate the case, had it entered upon the motion docket and got an acknowledgment of service from defendant's counsel, they reserving the right to object to the application.    No brief of the evidence was filed, nor was the motion entered filed by the Clerk.

At the next term of the Court, this motion came on for hearing, before Judge Lochrane, Judge Pope's successor. Cason's counsel offered to show by Judge Pope that when he dismissed said cause, he gave leave to move to reinstate it. This evidence was heard over defendant's objections.    Thereupon, the Court allowed an entry made upon the minutes granting leave to move to reinstate the cause *nunc pro tunc*. This was objected to.    The Court would not hear what evidence was had on the trial, but allowed Cason's counsel to read so much of certain interrogatories as would show how the points arose.    This was objected to.

The motion to reinstate was heard upon the ground that the Court erred in granting the non-suit, because plaintiff did not show that he had given notice of said killing, as required by the Act of 1854, etc.    The Court reinstated the case.    This and the overruling of said objections, are assigned as error.

MYNATT & DELL, for plaintiff in error.    Parol cannot change record: 1st Kelly, 485; 8th Ga. R., 201.    Amending records: R. Code, sec. 3449; 10th Ga. R., 183.    Entry on dockets no evidence of proceedings: 1st Kelly, 252, 367;

Wallace *vs.* Cason.

4th, 157. Motion to reinstate same as motion for new trial: 5th Ga. R., 273; 30th Ga. R., 191, 249, 674; 29th, 109; 28th, 74; 12th, 431; 2 Tidd's Pr., 794, 811, 216; 3 Wils., 146, 338; 2 Blackf. R., 698; 4 Burr R., 1986. What is filing, and how proved: 15th Ga. R., 484. Brief of evidence necessary: R. Code, sec. 3668; 2 Tidd's Pr., 813; 28th Ga. R., 74; 29th, 109. Leave granted gave no additional right: 29th Ga. R., 109; 28th, 74. The notice required by Act of 1854 was necessary to plaintiff's cause: 18th Ga. R., 249; 26th, 1121; Acts of 13th and 18th April, 1863.

HILLYER & BROTHER, for defendant. Amending records: R. Code, secs. 194, 3448, 3449. No brief of evidence necessary: R. Code, sec. 2881; 2d Bouv. L. Dic., 221; 1st, 679; Hilliard on N. Trials, and 49th Rule of Court. Remedy by Act 1854 only cumulative: 24th Ga. R., 363; 1st Kent Com., 518, note; 5, 16, note g; 3d Hill's R., 472; 11th Ga. R., 56, 63; 10th Mod. R., 118; 1st Kelly, 530.

LOCHRANE, C. J.

The defendant in error in this case brought his action in the usual form against the Western & Atlantic Railroad for damages arising out of the alleged killing of a horse, which came on for trial at the November Term, 1869.

The presiding Judge held that the failure to give notice, under the Act of 1854, and the Amendatory Act of 1863, relative to the killing of stock by railroads, prevented a recovery, and that he would grant a non-suit with leave to the party to move to reinstate, upon which motion he would hear the argument of the legal question involved.

Counsel for the railroad placed upon the minutes of the Court the order of the non-suit granted, and plaintiff below, by his counsel, made out the motion to reinstate at the same term of the Court, upon which service was acknowledged, and the motion was placed on the motion docket at that

Wallace *vs.* Cason.

term.   The motion did not have any entry upon it, of *filed by the Clerk of the Court,* and no brief of evidence was filed, agreed upon, or waived.   The presiding Judge at the trial having resigned, another was appointed, before whom, at the Adjourned Term, 1870, this motion to reinstate was heard and determined, and whose judgment and rulings upon the hearing is alleged as error.

1. The first objection legally urged is to the effect, that as this motion stood, there was in law no proper motion of which the Court could take cognizance.   This objection is based upon the idea, that except the motion was filed, it could not be entertained by the Court, and that a motion to reinstate was analogous to a motion for a new trial, and there being no brief of evidence filed at the first or trial term of the case, that it had nothing to support it, and should be dismissed.

We do not consider the objection good on either ground. A motion to reinstate the case was placed upon the docket at the proper time, and was served upon the party. The grounds were stated in the motion, of which he had notice, and it was not such a paper as the law required to be entered upon the minutes by the Clerk.   It was properly docketed and served, and the failure to enter *"filed in office"* by the Clerk upon it could not invalidate it.   There was sufficient notice of such motion pending to the opposite party, and the matter, upon *motion* to *reinstate,* stood upon the docket of the Court to be disposed of in its order.

As to the second ground, that a motion to reinstate a case is equivalent to a motion for a new trial, and requires the same formalities, we do not generally regard the requirements of motions for new trials and motions to reinstate as the same in law.   A motion to reinstate a case generally follows its dismissal by the Court.   It is an act of the Judge that is not final, and within his discretion, and except in a flagrant case of abuse, where rights had been acquired by delay, not the subject-matter of review.

To illustrate, in a case pending, the Court holds the declaration insufficient, and afterwards changes his opinion. If the case was dismissed, he would, of his own motion, reinstate it without any intervention of parties, or if he dismissed a case for want of prosecution, and found afterwards providential causes prevented the party from proceeding, it would be his duty to reinstate it without the filing of a paper, and leaving but the record of his act on the minutes of his Court.

In cases of non-suit at the instance of defendant, upon the insufficiency of evidence, a motion for a new trial is the proper mode of bringing the question before the Court. There are cases when a voluntary non-suit has been taken by plaintiff, and upon a motion to set aside the *non-suit* the Court has entertained the motion and decided it. But where, on a *demurrer* to the plaintiff's evidence, the defendant demands the judgment of the Court, and the Court decides, sustaining such a demurrer, and awards a non-suit, such judgment upon the evidence is reached by a motion for a new trial; or the defendant, if such judgment be against him, may go on with his evidence to the jury.

The grounds and *manner* of the *non-suit* are important in the application of the rules by which it may be afterwards adjudicated. For, while we find the classification of verdicts and non-suits as to matter of law granting new trials, we find, on the other hand, the classification of non-suits and dismissals as to questions arising upon motions to set-aside and reinstate. In the case at bar the original paper containing the motion to reinstate, upon which the service was acknowledged, recites the fact of leave of the Court granted at the time the non-suit was awarded to move for the reinstatement of the case, and the entry of the Judge upon the docket at the time of the granting of the non-suit was, "dismissed." True, entries on the dockets are not intrinsically such solemn evidence as the minutes of the Court. But in view of the

after proceedings in this case they may be stated in connection with what transpired.

At the time this non-suit was awarded the Judge stated that he was not satisfied from the argument of the legal question made, and desired, before the case was finally disposed of, to hear the matter farther, and that with such purpose he awarded a non-suit, stating he would grant leave to make a motion to reinstate the case, and upon hearing such motion would decide the matter.

2. When motion was made to enter such leave to move to reinstate the case *nunc pro tunc*, the counsel objected, and the next question, and an important one, is the right of the Court to allow such amendment. The delay in this case, we may remark, originated in the fact that the Judge resigned, and the Circuit remained for a long period without any judicial officer; and, in view of the circumstances, we do not think that any injury could arise to the movant.

The Code, section 194, tersely lays down the rule of amendment that every Court has power " to amend and control its processes and orders so as to make them conformable to law and justice, and to amend its own record so as to make them conform to the truth." Section 3449, speaking of the powers incident to all Courts to correct their own proceedings, says: " In allowing or refusing amendments, there is a wide discretion to be exercised by the Court, hence, no fixed rule can be laid down which would apply to each particular case that might arise; but as a general rule, the Court will amend the entries of its orders on the minutes or the records, and other proceedings, *nunc pro tunc*." These general principles are sustained by overwhelming authority; the only question of controversy in the case is as to the time within which such amendment will be allowed.

And first, as to the term, and second as to whether only before or after final judgment. During the term, the records are in the breast of the Court, and may be amended; but after the term, no amendment can be made, except by mere

clerical misprison, is a doctrine laid down by eminent judges. But, without going into the enumeration of cases, we may say that this rigid rule of amendment has been relaxed, and a cloud of cases are found where such amendments, after judgment, have been allowed at subsequent terms of the Court. The doctrine laid down in 8 Wendell, 70, seems to be in consonance with several recent decisions on this subject, to-wit: "The Court has power, at any time, to amend its records *nunc pro tunc*," etc. In Weed vs. Weed, 25 Connecticut, 337, it is laid down: "The Superior Courts have power to correct a record of a judgment where such record does not conform with the judgment delivered." In 3 California, 255: "A Court may, at any time, amend a judgment *nunc pro tunc;* but this power is confined to cases where the record discloses that the entry on the minutes does not correctly give what the judgment was," etc. In Parsons vs. McBride, 4 Jones' North Carolina, 99, it was held: "Every Court has power to amend its own records to make them conformable to the truth." In Frink vs. Frink, it is decided: "A Court has authority to amend its records so as to make them conform to the actual facts and truth of the case." We need not go further to establish the right of amendment, as by the authorities and the sections of our own Code quoted, this matter is beyond judicial controversy.

Having established the principle, we might add that the correction of the minutes or records of the Court by the Court, when the proceedings are pending, is held to rest in such sound discretion that appellate Courts will not, generally, interfere with that discretion, unless abused: Cullum vs. Hindriff, 20 Miss.; 5 Bennett, 522; Brown vs. Ladums, 2 Paine, 66, 564; Pendleton vs. Pendleton, 2 Jones' N. C., 135; Ingram vs. McMorris, 27 Ala., 142.

But the question may be noticed as to what evidence will control the discretion of the Court. In 14 Texas, 455, the rule seems to be, "If it should appear satisfactorily that an order actually made had not been entered on the records as.

of the term when it was made." In 3 Minnesota, 427, the rule laid down is: " Where the facts are undisputed, the Court has power to amend the record at a subsequent term." In 24 Texas, 660, the rule has this qualification : " A judgment cannot be amended *nunc pro tunc* at a subsequent term, without notice to the other party." In Frink vs. Frink, the rule is, as to amendments of records, that the Court may, in its discretion, receive and act upon any competent legal evidence: 43 New Hampshire, 508. In 44 New Hampshire, 525, it is held that " substantial reasons must be shown why it should be done." In 25 Connecticutt it is held that error in the "record is a question of fact, and that it has to be established like any other fact, by pertinent evidence, and that parol evidence is admissible in such inquiry."

In the case at bar, the facts stated were undisputed, and the question was one of power, and notice had been given; and, as we have just stated, the motion made at the term. In 25 California, 49 and 169, it is held that "the Court has not the power, unless some motion was made or proceedings instituted at the term, and unless the record discloses that the order as entered was not the order made." And we may remark, that this case did not altogether stand upon the testimony of the Judge. His evidence referred to the fact, and he was a competent witness upon the authorities, although, in Boon vs. Boon, 8 S. & M., 318, the memoranda or memory of the Judge is, of itself, held to be insufficient to amend the record at a subsequent term of the Court. But here, the fact that, at the time the non-suit was awarded, the Judge stated his reasons therefor, and gave leave to move to reinstate, so as to have the legal question argued, was not disputed, but admitted; and we are, therefore, of opinion that the Court below allowed such amendment properly under the rules of the law.

3. The other questions raised we will now briefly advert to. After the motion came up on the amendment, counsel proposed to go into the evidence on the trial, which, on motion,

the Court rejected, and only read such part of the written evidence in Court, by interrogatories, as would enable him to understand the legal question raised, and refused to adjudge any but such legal question. In this we do not think the Court committed error. It was competent for him to look into the interrogatories to ascertain the question made, although from the judgment pronounced by him, such evidence had nothing to do with the opinion of the Court, his decision being that the notice provided for in the special Acts did not deprive the movant of his rights to proceed against the defendant at common law.

In this view of the law we concur. The Superior Courts in this State have original and general jurisdiction; and the special remedy given by the Code in cases of stock killed on railroads is merely cumulative. And with this view of the law, we affirm the judgment of the Court below reinstating this case.