## 5951.    JONES *v.* GARAGE EQUIPMENT COMPANY.

A court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, re-vise, supersede, revoke, or vacate them, as may in its discretion seem necessary; and where, "for good cause shown," a judgment is considered to have been improvidently entered, the court may, at the same term, ex mero motu and without notice to either party, vacate or set aside the judgment.

DECIDED JULY 29, 1915.

Trover; from city court of Dublin—Judge Hicks.    June 30, 1914.

*J. S. Adams,* for plaintiff in error.

*T. E. Hightower,* contra.

RUSSELL, C. J.    The Garage Equipment Company filed an action of trover and an affidavit for bail, to recover possession of an automobile described by number and also as the "Dr. Chappell car." In the petition the value of the car was alleged to be $350, and the value of the hire was fixed at $30.10.    The original petition was filed June 10, 1911, and the defendant filed a plea August 26, 1911.    In the defendant's answer it appeared that he had surrendered possession of the automobile to the officer who seized it, but it does not appear from the record that the plaintiff, desiring possession of the automobile, gave bond as required by law.    At the June term, 1914, the trial judge dismissed the suit, for want of prosecution, the case (as appears from the judge's order) "being called in open court and the plaintiff not being present to prosecute the same."    The judge at the same term entered a judgment in favor of the defendant, as follows: "The property in the above-

stated cause, to wit, one Maxwell two-cylinder automobile, known as the Dr. Chappell car, engine No. ———, car No. 12445, Model N. V., having been seized by the sheriff under bail-trover process in the above-stated case, and turned over and delivered by said sheriff to the plaintiff, the defendant failing and refusing to give bond, and the said cause having been called in its order for trial in the city court of Dublin at the regular June quarterly term of said court, to wit, on the 8th day of June, 1914, the plaintiff not appearing, the court sounding said cause for trial, the said cause was dismissed for want of prosecution, and it appearing that the value of the property described in the plaintiff's petition is $350, according to the sworn affidavit of the plaintiff and according to the declaration in the petition, it is therefore by the court, on motion of the defendant, ordered, considered, and adjudged (there being no demand entered in said case for a jury) that the defendant R. M. Jones recover of and from the plaintiff, Garage Equipment Co., a corporation described in the declaration, the said principal sum of $350, and interest hereafter on said principal sum at the rate of 7 per cent. per annum, the defendant having elected to take a money verdict. Done in open court this June 9, 1914." Thereafter, during the same term of the court, the judge entered a judgment setting aside both his order dismissing the suit for want of prosecution and the judgment of restitution, entered June 9, which is quoted above. Exception is taken to the judgment last mentioned, it being insisted that the court was without authority to set aside the two original judgments referred to, "without written motion, pleadings, or petition of any kind," and "without notice either written or verbal of any kind to the plaintiff in error." It is further insisted that in granting the final order which reinstated the case the trial judge abused his discretion.

We are of the opinion that the trial judge is empowered, prior to the adjournment of the term at which judgment was rendered, to mold, amend, withdraw, revoke, or otherwise nullify any judgment rendered at that particular term of the court, when the judgment does not involve the consideration of, and is not based upon, evidence necessary to support it. Until the adjournment of the term all judgments rest in the breast of the court, and are subject to alteration by the judge, to meet the ends of justice. Where a judgment is founded upon a verdict of a jury, or a finding of a

judge sitting as a jury, it may be proper that notice be given to the opposite party and that a hearing be had, and a written petition may be necessary as a basis of the order (though it is not necessary that this point be ruled upon at this time) ; but where a motion to dismiss for want of prosecution is made, and the matter thus is peculiarly in the knowledge of the judge, he may thereafter, for any good cause shown to him (even though informally), set aside the judgment as improvidently entered.    It appears, from the order setting aside the judgment in this case and reinstating the case, that it was done "for sufficient cause shown," and this, to our minds, is sufficient to show that the judgment as entered was improvidently or inadvertently entered.    In the Encyclopedia of Law & Procedure, vol. 23, p. 948, the rule is laid down that "During the term at which a judgment was rendered the court has power of its own motion to vacate the same for irregularity or because it was improvidently or inadvertently entered," etc.    As was said by this court in *Strachan* v. *Wolfe,* 2 *Ga. App.* 254 (58 S. E. 492), "While the truth of a motion to reinstate a case, or similar motion, should be made to appear, yet where the presiding judge entertains the motion, this fact, on exceptions to the judgment, affords a sufficient implicit verification."    So that, it being certified by the trial judge, this court will assume it to be true that the judgment attacked was set aside "for sufficient cause shown."    "The authorities all hold that a court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may in its discretion seem necessary."    1 Black, Judg. § 153.    The trial judge is allowed a wider control as to modification or annulment of those judgments which, outside the merits of the controversy, pertain to the rules of practice and are rendered upon formal matters of procedure, than as to judgments upon substantial matters affecting the merits of any portion of the case.    *Easl Tenn. &c. Ry. Co.* v. *Green,* 95 *Ga.* 37 (22 S. E. 36).    "The exercise of discretion by a trial judge in reinstating a case dismissed for want of prosecution will not, unless flagrantly abused, be disturbed.    *Davis* v. *Alexander,* 27 *Ga.* 479 ; *Wallace* v. *Cason,* 42 *Ga.* 438."    *Strachan* v. *Wolfe,* supra.    In the present case it is not made to appear that there was any abuse of this discretion.        *Judgment affirmed.*