### 7155.  SMITH *v.* ARMOUR FERTILIZER WORKS.

WADE, C. J.  "A court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may in

its discretion seem necessary; and where, 'for good cause shown,' a judgment is considered to have been improvidently entered, the court may, at the same time, ex mero motu and without notice to either party, vacate or set aside the judgment." *Jones* v. *Garage Equipment Co.*, 16 *Ga. App.* 596 (85 S. E. 940). "The exercise of discretion by a trial judge in reinstating a case dismissed for want of prosecution will not, unless flagrantly abused, be disturbed. *Davis* v. *Alexander*, 27 *Ga.* 479; *Wallace* v. *Cason*, 42 *Ga.* 438." *Strachan* v. *Wolfe*, 2 *Ga. App.* 254 (58 S. E. 492). The record discloses that this case was dismissed for want of prosecution, and that during the term, without notice to the defendant, the court passed an order reinstating the case, reciting the fact of dismissal, and further reciting that the "plaintiff, at the same term at which said case had been dismissed, having made a motion to reinstate said case and for satisfactory reasons appearing to the court, it is hereby considered, ordered, and adjudged that said order of dismissal be vacated and said case reinstated, and that it take its place for trial on the docket of the city court of Nashville, as though said case had never been dismissed." It does not appear that the judge abused his discretion in reinstating the case.

*Judgment affirmed.*

DECIDED SEPTEMBER 15, 1916.

Motion to reinstate case; from city court of Nashville—Judge Christian. November 26, 1915.

*William Story,* for plaintiff in error.   *W. R. Smith,* contra.