18150.  CONGOLEUM-NAIRN INC. *v.* BARKER WAREHOUSE CO.

During the term at which a case was dismissed an order was taken vacating the order of dismissal and reinstating the case. Under the rulings in *Athens Apartment Corporation* v. *Hill*, 156 *Ga.* 437 (119 S. E. 631), and cit., this court will not say that the trial judge flagrantly abused his discretion in vacating the order of dismissal and reinstating the case.

DECIDED JULY 14, 1927.

Motion to reinstate; from city court of Atlanta—Judge Dorsey. April 23, 1927.

*Hendrix & Buchanan,* for plaintiff in error.
*Watkins, Asbill & Watkins,* contra.

Appeal and Error, 4 C. J. p. 830, n. 41.
Dismissal and Nonsuit, 18 C. J. p. 1209, n. 53, 55, 57.

BLOODWORTH, J.   This case, while pending in the city court of Atlanta, was dismissed for want of prosecution.   During the term at which it was dismissed the plaintiff filed a petition to set aside the order of dismissal.   Upon a hearing of the petition the judge passed an order vacating and setting aside the order of dismissal and reinstating the case.   In *Athens Apartment Corp.* v. *Hill* (supra), speaking through Justice Hines, the Supreme Court said:   "During a term of court at which a judgment is rendered the court has power, on its own motion, to vacate the same for irregularity, or because it was improvidently or inadvertently entered.   The court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them for cause appearing, or may, to promote justice, vacate them as may in its discretion seem necessary; and the exercise of his discretion by the trial judge in reinstating a case dismissed for want of prosecution will not, unless flagrantly abused, be disturbed.   The order of reinstatement is evidence of the improper dismissal of the case and of the propriety of its reinstatement.   *Davis* v. *Alexander,* 27 *Ga.* 479; *Wallace* v. *Cason,* 42 *Ga.* 435; *Strachan* v. *Wolfe,* 2 *Ga. App.* 254 (58 S. E. 492) ; *Jones* v. *Garage Equipment Co.,* 16 *Ga. App.* 596 (85 S. E. 940)."   Under this ruling and the principles announced in the cases cited in the opinion, this court will not say that the trial judge flagrantly abused his discretion in vacating the order of dismissal and reinstating the case.   See also *Smith* v. *Armour Fertilizer Works,* 18 *Ga. App.* 521 (89 S. E. 1087).

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*