### 21394.  EVES v. DAVISON-PAXON COMPANY.

BELL, J.  1. In order "to set aside a judgment for defendant's absence by reason of providential cause, it must be shown, not only that he was absent for such cause, but that he was unable to notify the court of his condition.  Where it is sought to set aside a judgment by reason of the absence of the defendant and his attorney on account of the serious illness of the attorney, who had agreed to notify the defendant to appear, but who was prevented from so, doing by such illness, it should appear that the attorney was unable to notify the court of his condition." *Sims* v. *Sims,* 135 *Ga.* 439 (2), 442 (69 S. E. 545) ; *Brown* v. *Verekas,* 164 *Ga.* 733 (139 S. E. 344) ; *Mason* v. *Stevens Warehouse Co.,* 43 *Ga. App.* 375 (158 S. E. 631).

2. Upon application of the above rulings to the facts of this case, the evidence did not demand a finding in the defendant's favor upon her motion to set aside the judgment against her.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 13, 1931.

*Harry Morris, John D. Allen,* for plaintiff in error.
*Houston White, John J. Poole, Edwin M. Pearce Jr.,* contra.