## 32700. DRAIN TILE MACHINE INC. v. McCANNON.

DECIDED NOVEMBER 5, 1949.

374

W. George Thomas, J. E. B. Stewart, F. E. Blankenship, for plaintiff in error.

Alton T. Milam, contra.

GARDNER, J. The Civil Court of Fulton County is a court of record. The motion or petition of the plaintiff to vacate the order dismissing this case for want of prosecution was filed within the June term, 1949, the term at which the judgment sought to be set aside was rendered. The judgment sought to be vacated was yet in the breast of the court that rendered it at the time the motion to vacate was presented and filed by the plaintiff. Therefore, under the rule prevailing in this jurisdiction, the court had plenary control over the judgment which was not founded upon any verdict, but was simply an order of the presiding judge that the case be dismissed for want of prosecution, the plaintiff not being present on the call of the case for trial and no one being present to represent him.

Courts of record retain full control over orders and judgments during the term at which they were rendered, and, in the exercise of a sound discretion, may revise or vacate them; and they will not be controlled in the exercise of such discretion unless the same is manifestly abused. A motion to revise or vacate an order or judgment not founded on a verdict made during the term at which rendered cannot be determined by any fixed rule, but the disposition thereof by the court depends on the circumstances of the case. Bowen v. Wyeth, 119 Ga. 687 (46 S. E. 823); Bankers Health & Life Ins. Co. v. Kimberly, 60 Ga. App. 128, 129 (3 S. E. 2d, 148); Storey v. Weaver, 66 Ga. 296; Deen v. Baxley State Bank, 192 Ga. 300, 303 (15 S. E. 2d, 194); Code, § 24-104. The exercise of discretion by the trial judge in reinstating a case dismissed for want of prosecution will not, unless flagrantly abused, be disturbed. Davis v. Alexander, 27 Ga. 479; Wallace v. Cason, 42 Ga. 435, 438. However, the court's discretion in such a case is not unbounded and it is only

to be exercised upon sufficient cause being shown. *Cahoon* v. *Wills,* 179 *Ga.* 195 (175 S. E. 563) ; *Hurt Building* v. *Atlanta Trust Co.,* 181 *Ga.* 274 (182 S. E. 187). While a motion to vacate an order or judgment, in a case like the one sub judice, is one addressed to the court's sound discretion, "such a motion should not be granted unless founded upon a meritorious reason." *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39). Mere laches of the party against whom a judgment has been rendered will not be considered a sufficient cause. *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (2), 801 (35 S. E. 168). Failure of a defendant to appear and plead, in consequence of misunderstanding between him and his counsel, does not afford a meritorious reason for granting a motion to set aside a judgment, even though made during the term when the judgment was yet in the breast of the court. See *Phillips* v. *Taber,* 83 *Ga.* 565 (4) (10 S. E. 270) ; *Seifert* v. *Holt,* 82 *Ga.* 757 (3) (9 S. E. 843) ; *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (177 S. E. 685) ; *Eves* v. *Davison-Paxon Co.,* 44 *Ga. App.* 322 (161 S. E. 275), to the effect that a party moving during the term to set aside a judgment must show a sufficient cause and meritorious reason for the court to exercise its discretion and it must appear that he was not lacking in diligence.

Applying the foregoing principles, it does not appear that the motion of the plaintiff was founded upon a sufficient cause or meritorious reason. It appeared from the motion that his counsel overlooked the fact that the case was on the trial calendar for June 13, 1949, due to confusion arising from removing his offices from one building to another. While it appears that the plaintiff was a member of the United States Navy Reserves and was on active duty at the time, no motion for a continuance was made nor was any effort made to acquaint the court with this fact. It also appears that the plaintiff was stationed at the Naval Air Station within a few miles of Atlanta. · The defendant's counsel were not notified that the plaintiff was on active duty with the Navy, nor was any request made of the defendant's counsel. While the plaintiff alleges that on May 11, 1949, just prior to the call of this case for trial in the civil court, a petition was filed in Fulton Superior Court to which the plaintiff was a party plaintiff seeking to have the defendant put into the hands of a receiver and that it was prayed therein that this

case in the civil court be consolidated with that case in the superior court, what disposition, if any had been made of this prayer does not appear. How the pending receivership case in the superior court prevented the plaintiff or his counsel from being present in the civil court on June 13, 1949, does not appear. In fact, the facts set out in the motion and testified to by the plaintiff and his counsel affirmatively show that the confusion incident to removal of offices caused counsel to overlook that the case was on the trial calendar for Monday, June 13, 1949.

The motion of the plaintiff to have this judgment of dismissal vacated and to have the case reinstated, does not appear to have been founded upon a meritorious reason, nor does sufficient cause appear therefrom for the court to exercise the discretion which it possessed in the premises. The evidence introduced by the plaintiff simply substantiates the allegations of the motion, which was verified and introduced as evidence. In his testimony counsel for the plaintiff says that he "overlooked" the case. The reasons offered by him for overlooking the case and not being present on the call of the case for trial simply show that the plaintiff and his counsel were lacking in diligence and that the dismissal of the case resulted from their laches.

It follows that the court erred in sustaining the plaintiff's motion and in rendering its judgment vacating its order and judgment of June 13, 1949, dismissing the case for want of prosecution, and in reinstating the case.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*