48245. STAMM & COMPANY v. BOAZ SPINNING COMPANY, INC.

BELL, Chief Judge. Plaintiff sued the defendant to recover on open account. Defendant answered and counterclaimed. Thereafter an order was entered on November 8, 1972 reciting that the case came on to be heard by the court without a jury; that plaintiff failed to appear in person or by counsel; that upon motion the plaintiff's complaint was dismissed; and that after hearing evidence of the defendant the latter was granted a money judgment. On November 22, 1972 a verified motion was filed by plaintiff's attorney to set aside the judgment on the ground that plaintiff failed to appear when the case was called for trial due "to a clerical error on the part of a clerk in the office of movant's attorney" who failed to note the date of trial on plaintiff's

attorney's court appearance calendar. The motion was granted on November 22, 1972, ex parte and the judgment was vacated and the case was reassigned to the trial calendar. On December 8, 1972, defendant moved to set aside this order of November 22, 1972. A hearing was held and defendant's motion was denied, and the case was again remanded to the trial calendar. A certificate of immediate review was granted. *Held:*

1. The motion to dismiss the appeal is denied.

2. The plaintiff contends that since the order of November 22, 1972 vacating the previous judgment was entered during the November Term of the Fulton Civil Court and the motion to set aside this order was filed by defendant in the December Term, the order denying that motion was a nullity. This argument is based on those decisions which hold, in effect, that a judgment entered at one term cannot be changed or revoked at a subsequent term. *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489); *Martin v. General Motors Corp.,* 226 Ga. 860 (178 SE2d 183). But the question here is quite different. It is apparent on the face of the record that the order of November 22, 1972 was granted ex parte, without notice or hearing to defendant.

A judgment may be attacked by motion to set aside predicated upon some non-amendable defect apparent on the face of the record within three years from the entry of the judgment complained of. CPA § 60 (b, d, f) (Code Ann. § 81A-160 (b, d, f)). The entry of the order of November 22, 1972 without notice or hearing to defendant rendered the order nugatory which is a non-amendable defect apparent on the face of the record. *Farmers Mut. Fire Ins. Co. v. Pollock,* 52 Ga. App. 603 (2) (184 SE 383). Thus the trial judge had the power to sustain the defendant's motion and he erred in not doing so. Notwithstanding our holding that the order of November 22, 1972, was nugatory, the ground of plaintiff's motion to set aside the judgment in any event was not based upon sufficient cause. A court of record retains full control over orders and judgments during the term at which they were rendered, and, in the exercise of a sound discretion, may reverse or vacate them; and this discretion will not be controlled in the absence of a manifest abuse. *Drain Tile Machine, Inc. v. McCannon,* 80 Ga. App. 373 (56 SE2d 165). A motion to vacate an order of judgment in a case like this one should not be granted unless founded on a meritorious reason. *Kellam v. Todd,* 114 Ga. 981 (41 SE 39). Failure to appear at time of trial merely because of the failure

of counsel's clerical assistant to correctly annotate the former's calendar shows that plaintiff and its counsel were lacking in due diligence and the dismissal of plaintiff's complaint and rendition of a judgment against it on the defendant's counterclaim resulted. *Drain Tile Machine, Inc. v. McCannon*, 80 Ga. App. 373, supra.

*Judgment reversed. Deen and Quillian, JJ., concur.*

ARGUED MAY 29, 1973 — DECIDED SEPTEMBER 6, 1973 — REHEARING DENIED OCTOBER 3, 1973 — ▮▮▮▮▮▮▮▮

*Travis & Furlong, Thomas A. Travis, Jr.,* for appellant.

*Wilkinson, Nance & Wittner, A. Mims Wilkinson, Jr., Sheldon R. Wittner,* for appellee.