## 34520. FIRST NATIONAL BANK OF CHATTOOGA COUNTY v. GORLIN.

HILL, Justice.

This case is here on the grant of certiorari in Gorlin v. First Nat. Bank of Chattooga County, 148 Ga. App. 133 (250 SE2d 798) (1978). The bank filed suit against Gorlin on a promissory note in DeKalb State Court on October 24, 1977. Gorlin answered on November 10, 1977. The bank filed a request for admissions on November 30, 1977, and when that request went unanswered, the bank filed a motion for summary judgment on January 9, 1978. The motion for summary judgment was returned to the bank by the clerk with a copy of an order dated December 21, 1977, dismissing the case. That order recited that: "After being properly published, and called for trial, there being no response from the plaintiff, and after waiting more than three minutes, and no response from the plaintiff, said case is hereby dismissed with prejudice."

On January 16, 1978, the bank moved to vacate and set aside the order of dismissal. In addition to the above facts, the motion recited that "the plaintiff wrote to the

Court on November 30, 1977 asking for a copy of local rules and no reply was received from this letter" and that "The plaintiff never received notice that the case had been placed on the calendar and in telephone conversation with the Clerk the Clerk affirmed that no calendar was mailed to the plaintiff and that the only notice was publication in a special publication [the official organ of DeKalb County]. . . " Following a hearing on the motion on February 24, 1978, the trial court vacated the order of dismissal. Subsequently, the bank's motion for summary judgment on the merits was granted.

On appeal, the Court of Appeals ruled that in view of the fact that the publication was adequate notice, the trial court erred in setting aside the dismissal. We have recently held that notice of trial by publication of the court calendar is adequate notice pursuant to Code Ann. § 81A-140(c); however, we also held that where a complaint is dismissed for failure to prosecute, the trial court has discretionary authority to set aside the judgment. *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (1979).

Here the trial court properly took into consideration all the circumstances of the case—for example, that the plaintiff's attorneys did not customarily practice in DeKalb County and had sought unsuccessfully to obtain a copy of the local court rules, that the litigation had not been protracted, appeared meritorious and was being pursued by the plaintiff, and that by its pursuit of the litigation the plaintiff learned of the dismissal and promptly moved to reopen the case—in deciding to vacate the dismissal. *Spyropoulos v. John Linard Estate,* supra. Therefore the order of the Court of Appeals reversing the trial court's order setting aside the dismissal is hereby reversed and this case is remanded to the Court of Appeals for such further proceedings as may be necessary.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED MARCH 13, 1979 — DECIDED MAY 31, 1979.

*Boney & Boney, F. H. Boney,* for appellant.