### 59479. SPYROPOULOS v. JOHN LINARD ESTATE.

QUILLIAN, Presiding Judge.

This is the second appearance of this case in our court. See *Spyropoulos v. John Linard Estate,* 148 Ga. App. 380 (251 SE2d 327), wherein this court affirmed the trial court's denial of the appellant's (Spyropoulos) motion to set aside a judgment based on lack of notice. We held: "The proper publication of the trial calendar in the official organ of the county afforded Spyropoulos sufficient notice under Code Ann. § 81A-140 (c)." On certiorari the Supreme Court agreed with this holding but further found ". . . this does not mean that the trial court is without authority to set aside the judgment or grant a new trial under Code Ann. § 81A-160 where the circumstances warrant such relief. It should be remembered that an order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion. [Cits.] A dismissal with prejudice for failure to prosecute should not be based solely on absence but on *all* the circumstances of the case. [Cit.] The trial court erred in ruling that it had no authority to set aside the dismissal." *Spyropoulos v. John Linard Estate,* 243 Ga. 518, 519 (255 SE2d 40). That court reversed our judgment and that of the trial court and remanded the case to the trial court "to exercise its discretion in determining whether under all the circumstances of the case the judgment of dismissal with prejudice should be set aside." *Spyropoulos v. John Linard Estate,* 243 Ga. 518, 519, supra. Whereupon, on remand the trial judge held a hearing and in the exercise of his discretion declined to set aside the judgment of dismissal. *Held:*

In a brief to this court, appellant argues at length the merits of notice given by publication insofar as a nonresident is concerned. However, under the Supreme Court ruling this matter is not at issue. We find *First Nat. Bank v. Gorlin,* 243 Ga. 707 (256 SE2d 450) (which decision by reversing this court had the effect of affirming the trial judge's exercise of discretion) to be no more than an amplification of the rules enumerated in *Spyropoulos v. John Linard Estate,* 243 Ga. 518, supra. In the case sub judice the trial judge applied these principles by considering all the circumstances and exercised his discretion. In the absence of a clear abuse of such discretion we find no basis for reversal.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED MARCH 14, 1980—
REHEARING DENIED MARCH 31, 1980 —

*Platon P. Constantinides,* for appellant.
*J. Wayne Moulton,* for appellee.