## 63498. HAVLIK v. TUFTCRAFT, INC.

McMurray, Presiding Judge.

The defendant sought to set set aside a default judgment rendered against him in the amount of $7,000 plus interest and costs, alleging that prior to trial of the case his retained attorney had been relieved as counsel because of a conflict of interest involving another client of his law firm; that defendant had never received any notice when the case would be called or that his appearance would be required; and that the first time defendant knew of the judgment against him was when he was served with two garnishment affidavits and summons based thereon.

The trial court denied his motion to set aside (or in the alternative to grant a new trial on extraordinary grounds), holding that the evidence established that defendant's former counsel mailed to him at the address given him by defendant by certified mail, return receipt requested, a letter and a copy of the motion to be relieved, as well as a copy of the order relieving him as counsel; and that notice of the trial date had been adequately given under Code Ann. § 81A-140 (c) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968; pp. 1104, 1108) by publishing and posting the trial calendar on the bulletin board of the county courthouse, which was the regular practice of the counties comprising the Conasauga Judicial Circuit. Defendant appeals. *Held:*

Defendant contends on appeal that he failed to receive any notice and the evidence submitted was insufficient to prove that he did, citing *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603). This court in *Wilkes v. Ricks,* supra, specifically recognized that "each court has its own rules dealing with assignment of cases for trial and notice thereof," but found that there was no allegation there that any notice of trial was given or that the case was placed on the calendar. Id. at 267. We think there was full compliance in the case sub judice with Code Ann. § 81A-140 (c), supra. The trial court properly took into consideration all the circumstances of the case and determined from the evidence it was "inescapable" that defendant was served and signed for a copy of his attorney's motion to be relieved, and that he failed to pick up the order which was mailed to the same address. Compare *Johnson v. Hooks,* 156 Ga. App. 257 (274 SE2d 666). The court also found that defendant failed in his duty to stay in touch with his lawyer and that notice of the trial was properly published and posted on the courthouse bulletin board both in November and April, in accordance with local court rules. See *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40); *First Nat. Bank v. Gorlin,* 243 Ga. 707 (256 SE2d 450); *Grindle v. Eubanks,* 152 Ga. App. 58, 60

(1) (262 SE2d 235).

"[I]t must, therefore, be said that rendition of the default judgment was not unmixed with negligence on [defendant's] part." *Cooper v. Mesh,* 247 Ga. 82, 83 (1) (274 SE2d 335). Moreover, the burden is on the one contending that no notice, or improper notice, was given to show error affirmatively by the record. *Hancock v. Oates,* 244 Ga. 175 (259 SE2d 437). This defendant failed to do, relying instead on bare denials of actual notice, which is unnecessary for compliance with Code Ann. § 81A-140 (c), supra, "if the requirements for giving notice are complied with. . . ." *Holbrook v. Halpern Enterprises,* 141 Ga. App. 648, 649 (234 SE2d 187). See also *Sterling Motor Freight Co. v. Wendt,* 156 Ga. App. 516, 517 (1) (275 SE2d 101). No abuse of discretion has been shown so as to warrant reversal of the court's ruling on this matter.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 21, 1982.

*Robert B. Adams,* for appellant.
*Joseph T. Tuggle, Jr.,* for appellee.