65486, 65487. MARSHALL v. YORK; and vice versa.

McMURRAY, Presiding Judge.

This case arises out of a business relationship between L. M. York and John Marshall. Marshall was in the business of selling antique furniture. York refinished furniture and entered into an arrangement wherein he would refinish furniture for Marshall. As a

side issue York had Marshall to accept a piece of furniture on consignment to sell it for him. The item of furniture was lost, and the parties had a dispute with reference to this item of lost furniture. Whereupon, York advised Marshall to pick up all furniture that he was refinishing for Marshall. It appears that when items of furniture were finished Marshall would pay cash for the work. York advised Marshall to pick up all the furniture, finished or unfinished, on a certain day and prepared a list of the items of work he had completed contending Marshall owed him the sum of $810. Marshall proceeded on that date to pick up the furniture and loaded it in his vehicle. A further dispute as to payment occurred when Marshall would not pay $810 for furniture refinished and loaded on his vehicle. Marshall now contends that he was only seeking to remove his goods to a safe place since York had threatened to put it outside, whereas York contends that Marshall loaded the furniture, never intending to pay for same, and he allowed him to load it thinking that Marshall intended to pay him, else he would not have permitted him to load the furniture. Marshall proceeded to drive away without paying York for the work York had allegedly performed and as billed to Marshall.

Whereupon, York filed suit in three counts seeking judgment in Count 1 for services rendered in the amount of $810, fraud and deceit on the part of the defendant in Count 2 seeking the sum of $810 and an award of exemplary damages; and in Count 3 he sought reasonable attorney fees by reason of the bad faith and stubbornly litigious action on the part of the defendant Marshall.

The defendant answered admitting only jurisdiction and otherwise denied the claims. In addition, he filed a counterclaim for the negligent and improper refinishing of defendant's furniture in the amount of $2,750, malicious prosecution without probable cause in the swearing out of a warrant and the arrest of the defendant as a result of the malicious action which terminated in defendant's favor and for actual, exemplary and vindictive damages against the plaintiff. Defendant also filed a demand for a jury trial.

The case was called for jury trial on a published calendar. There being no response by the plaintiff, upon motion of defendant, the complaint was stricken and a default was entered on behalf of the defendant. Upon defendant's waiver of jury trial, the court, after hearing evidence, awarded the defendant on his counterclaim (Count 1) the sum of $2,750 as damages proven. Defendant then dismissed all other counts of his counterclaim.

Plaintiff then moved to vacate and set aside this judgment. After a hearing in consideration of all the circumstances of the case (the affidavits in support of same) and the entire record and argument, the court found excusable neglect occasioned by the plaintiff's failure

to appear at the call of the trial calendar and found a non-amendable defect on the face of the record and set the judgment aside.

The case was again called for trial by jury, at which time the trial court directed a verdict in favor of the defendant as to Count 2 (fraud and deceit) of plaintiff's complaint, and the jury rendered its verdict in favor of the plaintiff in the amount of $810, plus $1,540 in attorney fees which verdict became the judgment of the court.

The defendant appeals in Case No. 65486 enumerating error to the setting aside of the previous judgment in his favor, restipulating the case to the active jury trial list and in denying his motion for directed verdict as to Count 3 regarding attorney fees and allowing the issue of attorney fees to go to the jury. By cross-appeal in Case No. 65487 the plaintiff enumerates error to the direction of the verdict as to the issue involved in Count 2 (fraud and deceit). *Held:*

1. Defendant's first enumeration of error that the trial court erred in setting aside its previous judgment dismissing plaintiff's complaint is not meritorious. We find no abuse of the court's discretion in determining whether, under all the circumstances of the case, the judgment of dismissal should be set aside. See *Spyropoulos v. Linard Estate,* 243 Ga. 518, 519 (255 SE2d 40); *First Nat. Bk. of Chattooga County v. Gorlin,* 243 Ga. 707, 708 (256 SE2d 450). Nor did the trial court err in restipulating the case to the active list of cases for jury trial after setting the default judgment aside. See also *Maolud v. Keller,* 153 Ga. App. 268, 269 (265 SE2d 86). No jury trial had been waived and with the setting aside of the default judgment the case was reinstated to its position prior to the granting of the dismissal.

2. Defendant's remaining enumeration of error contends that the trial court erred in denying his motion for directed verdict as to Count 3 of the complaint regarding attorney fees and in allowing the issue of attorney fees to go to the jury. The court charged the jury that expense of litigation including attorney fees are not generally allowed as a part of damages, but that if the defendant has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense, then the jury may allow same and that the jury should determine from the evidence such attorney fees and court expenses, if any. Thereafter, as to the form of the verdict the court further instructed the jury that if you find the plaintiff entitled to attorney fees or expenses, the jury would find in some amount specified but not to exceed the amount sought of $1,540. Thereafter, when a suitable opportunity was given for counsel for defendant (as well as the plaintiff) to make exceptions to the charge no exception was made to the charge with reference to attorney fees by the defendant. A party in a civil case cannot complain of the giving

or failure to give instructions to the jury unless objection is made before the jury returns its verdict except in cases of blatantly apparent and prejudicial instructions. Here defendant waived any objections to the charge with reference to attorney fees. See *Mathews v. Penley,* 242 Ga. 192, 193 (2) (249 SE2d 552); *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921); *Jim Walter Corp. v. Ward,* 150 Ga. App. 484, 490, 491 (6) (258 SE2d 159), reversed on other grounds in s.c., 245 Ga. 355 (265 SE2d 7). There is no merit in this complaint.

3. With reference to the cross-appeal as to the count involving fraud and deceit it is apparent the court felt that the plaintiff failed to prove one of the five elements set forth in *Shaw v. Cook County Fed. Savings &c. Assn.,* 139 Ga. App. 419, 420 (228 SE2d 326), that is, (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. Of course, fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence. See OCGA § 23-2-57 (formerly Code § 37-706); *Eberhardt v. Bennett,* 163 Ga. 796, 802 (137 SE 64); *Holman v. Ruesken,* 246 Ga. 557, 558 (272 SE2d 292). It is true that fraud cannot be generally based on misrepresentation as to future events, except when the misrepresentation is made the defendant knows the future event will not take place. See *McCravy v. McCravy,* 244 Ga. 336, 337 (2) (260 SE2d 52). However, fraud may be consummated by signs or tricks, acts, silence, or concealment when there is a duty to disclose, or by any other unfair way used to cheat another. See *Ringer v. Lockhart,* 240 Ga. 82, 84 (239 SE2d 349). Clearly from the dealings between the parties where the method of payment was always based upon cash, the facts and circumstances here were sufficient for the jury to decide whether there was any intention on the part of the defendant not to pay the plaintiff for the goods upon their receipt. See in this connection *Reeves v. Williams & Co.,* 160 Ga. 15, 19-21 (127 SE 293). Clearly there was a jury issue here from the force and effect of the evidence as to whether or not any fraud or deceit was intended when the goods were picked up, it being also for the jury as to whether there was reliance by the plaintiff upon the fact that the defendant would pay for the goods as soon as they were loaded or in the future. See *Eberhardt v. Bennett,* 163 Ga. 796, 802, supra. Consequently, the trial court erred in granting a directed verdict to the defendant as to the count of fraud and deceit.

*Judgment affirmed as to the appeal in case no. 65486; reversed as to the cross-appeal in case no. 65487. Shulman, C. J., and Birdsong, J., concur.*

Decided March 16, 1983 —

Robert H. McDonnell, for appellant.
J. Michael Treadaway, J. Alfred Johnson, for appellee.