## 66651. HINSON, d/b/a EDGY & WOOTEN LUMBER COMPANY v. CASTELLIO, d/b/a J. C. D. GENERAL CONTRACTORS.

CARLEY, Judge.

Appellant-plaintiff filed suit against appellee-defendant on March 10, 1982. Appellee answered and counterclaimed. Notice was sent to counsel that the case was set for calendar call on February 1, 1983. At the calendar call on February 1, the trial court announced that the case would be continued until February 3. Appellant's counsel was not present at the calendar call when the trial court announced the continuance, but was represented by an agent. On the morning of February 3, the case was called. Counsel for appellee was present but counsel for appellant was not. The trial court invoked the three minute rule. Attempts were made to contact appellant's counsel, but he was not in his office. It was later established that he was attending depositions which were being taken in other cases. When appellant's counsel made no appearance within thirty minutes after the three minute rule had been invoked, the trial court dismissed appellant's suit.

Appellant subsequently moved to set aside the dismissal. Attached to the motion was the affidavit of appellant's counsel. In that affidavit appellant's counsel averred that he "was confused as to the setting of this case for trial" and "misunderstood that the case would go over to the next term . . ." Apparently, the agent who had attended the calendar call on February 1 had failed to advise appellant's counsel that the case had been set for February 3. After a hearing, the trial court denied appellant's motion. It is from that order that appellant brings the instant appeal.

"[A]n order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion. [Cits.] A dismissal with prejudice for failure to prosecute should not be based solely on absence but on all the circumstances of the case. [Cit.]" *Spyropoulos v. John Linard Estate,* 243 Ga. 518, 519 (255 SE2d 40) (1979). In the instant case, unlike *Spyropoulos,* there is nothing to demonstrate that the trial court failed to consider all the circumstances of the case or that the trial court's ruling was premised upon an erroneous belief that it lacked discretionary authority to set aside the dismissal of appellant's suit. Indeed, the transcript of the hearing on appellant's motion clearly shows that the trial court considered all of the evidence that appellant offered concerning the failure to answer the call of the case, and, after doing so, found that, in the exercise of its discretion, that the evidence did not warrant the setting aside of the dismissal. See *Spyropoulos v. John Linard Estate,* 154 Ga. App. 200 (267 SE2d 796) (1980). The trial court's finding in

this regard was not erroneous. "Failure to appear at time of trial merely because of the failure of counsel's clerical assistant to correctly annotate the former's calendar shows that plaintiff and its counsel were lacking in due diligence . . ." *Stamm & Co. v. Boaz Spinning Co.,* 129 Ga. App. 779, 780-781 (201 SE2d 480) (1973). See also *Drain Tile Machine, Inc. v. McCannon,* 80 Ga. App. 373 (56 SE2d 165) (1949). We find no clear abuse of the trial court's discretion in the instant case so as to authorize reversal. *Spyropoulos v. John Linard Estate,* 154 Ga. App. 200, supra.

Appellant contends that a contrary holding is mandated because the three minute rule (former Code Ann. § 24-3341) has not been codified in the Official Code of Georgia Annotated (OCGA).

It is true that the OCGA specifically repealed the Code of 1933 (OCGA § 1-1-10 (a) (1) (Code Ann. § 102-210)) and that the rules of the superior courts appeared in that repealed Code at § 24-3301 et seq. It is also true that the OCGA does not presently contain a three minute rule comparable to former Code Ann. § 24-3341. However, that the three minute rule is not presently codified in the OCGA does not mean that the rule has no current force and effect.

It is clear that the rules of the superior courts were not an official part of the Code of 1933. The editorial note to Chapter 24-33 of the Code of 1933 plainly stated that the rules of the superior courts, "while not strictly a part of the Code, are included for convenience. Their inclusion does not give them the force and effect of statute law." Therefore, although the OCGA specifically repealed the Code of 1933, the rules of the superior court were not a part of that repealed code even though they "conveniently" appeared therein. The three minute rule is one of long standing, originally promulgated pursuant to authority given by law and never specifically repealed by the General Assembly. See *Hill v. State,* 73 Ga. App. 293, 300 (1) (36 SE2d 191) (1945). Compare *Jones v. Boykin,* 185 Ga. 606 (196 SE 900) (1938). As such, the three minute rule remains viable and unchanged by the adoption of the OCGA. See OCGA § 1-1-5 (Code Ann. § 102-205). Accordingly, the current lack of codification of the three minute rule renders that rule no less viable than it was prior to November 1, 1982, when it appeared in the Code of 1933 as a conven-ience.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Decided October 5, 1983.

*John T. McKnight, Jr.,* for appellant.
*Ivan H. Nathan,* for appellee.