68929. RAGSDALE v. AIRBORNE FREIGHT CORPORATION.
(325 SE2d 428)

SOGNIER, Judge.

Technical Plastics Services, Inc. (TPS) brought this action against Airborne Freight Corporation (Airborne) for breach of contract, negligence and fraud based on Airborne's failure to timely deliver its government bid to a U. S. Army base in Virginia. TPS alleged that its bid would have been the winning bid, but was not considered because it was delivered ten minutes after bidding closed. Subse-

quently, TPS filed for bankruptcy and Ragsdale, as the trustee in bankruptcy for the estate of TPS, was substituted as plaintiff. The trial court granted summary judgment in favor of Airborne and Ragsdale appeals.

The airbill executed by TPS's president on delivering the bid to appellee contained the following limitation of liability: "It is agreed and understood that the liability of Airborne Freight Corporation is limited to the value shown above, or as defined in its governing tariffs, whichever is higher." Above the foregoing language were two blank spaces, one to be filled in for the "declared value for carriage" and one for the "declared value for insurance." Although TPS's president signed the airbill as the shipper, he left blank the spaces for declared value. The front of the airbill refers to additional language contained on the back which states: "It is mutually agreed that conditions of carriage for this shipment are governed by Airborne's tariffs available for inspection at Airborne's offices, and which are hereby incorporated into this Contract . . ." and "Airborne shall not be liable for any consequential or special damages whether or not Airborne knew that such damages might be incurred."

1. Appellant contends the trial court erred by applying federal law rather than state law in finding that the limitation of liability contained in the airbill executed by TPS's president precluded recovery by TPS. We disagree and hold that appellee's limitation of liability is valid under federal law. The Federal Aviation Act of 1958, 49 USC § 1301 et seq., as amended by the Airline Deregulation Act of 1978, 49 USC §§ 1371-76 (the Deregulation Act) expressly preempts state regulation of air cargo carriers such as appellee. 49 USC § 1305 (a). We therefore must look to federal law in determining the validity of appellee's limitation of liability. We find no merit in appellant's contention that federal law prior to deregulation is inapplicable due to the elimination under the Deregulation Act of an air carrier's obligation to file tariffs, including rates, rules and regulations, with the Civil Aeronautics Board, 49 USC § 1551 (a) (2) (A). The Deregulation Act removed the CAB's power to pass upon the reasonableness of rates, rules or practices of interstate air carriers of property. Thus the jurisdiction of the CAB and the extensive administrative procedures involving complaints about carrier rules were abolished, not the body of law applied to determine the reasonableness of those rules. *First Pa. Bank v. Eastern Airlines*, 731 F2d 1113, 1122 (3rd Cir. 1984). Deregulation affected only the jurisdictional forum in which questions of reasonableness of an air carrier's rules are to be determined; the law to be applied remains federal common law. Id. at 1122.

Air carrier limitations of liability have been enforced under a "released valuation" basis whereby in exchange for a lower shipping rate the shipper is deemed to release the carrier from liability. *Universal*

*Computer Systems v. Allegheny Airlines,* 479 FSupp. 639, 643 (M.D. Pa. 1979), aff'd 622 F2d 579 (3rd. Cir. 1980). Limitations virtually identical to or similar to those contained in appellee's airbill have been upheld under federal law to limit liability of any kind to the value declared and to preclude recovery of consequential damages. *First Pa. Bank,* supra; *Blair v. Delta Air Lines,* 344 FSupp. 360 (S.D. Fla. 1972), aff'd 477 F2d 564 (5th Cir. 1973); *Universal Computer Systems,* supra. Therefore, in accordance with federal law controlling air carriers' limitations of liability, appellee's limitation is valid. See *First Pa. Bank,* supra at 1119, 1122-23.

2. Appellant further contends that appellee's limitation of liability is invalid because TPS's president was not given a fair opportunity to affirmatively choose a higher declared value based on a higher rate, under the "Nothnagle" rule, *New York, N. H. & H. R. Co. v. Nothnagle,* 346 U. S. 128, 135 (73 SC 986, 97 LE 1500) (1953). Pretermitting the question of whether the Interstate Commerce Act's "fair opportunity doctrine" set forth in Nothnagle applies in this case, see *First Pa. Bank,* supra at 1117, this contention is without merit because TPS's president was given a fair opportunity to read the airbill and state the value of the package, but he failed to do so. Accordingly, appellant is limited to the value set forth in appellee's tariffs pursuant to the language of the airbill, and precluded under the exculpatory clause of the contract from recovering its consequential damages in the form of lost profits. *First Pa. Bank,* supra; *Blair v. Delta Air Lines,* supra; see *Universal Computer Systems,* supra at 643.

3. Appellant also enumerates as error the trial court's grant of summary judgment to appellee on appellant's alternate state law claim of fraud. Appellant sought to rescind the airbill contract and collect damages alleging that appellee's agent knowingly misrepresented appellee's ability to timely deliver appellant's bid. In general a claim for fraud cannot be based on a statement or promise as to a future event or on a failure to perform a promise. *Lanham v. Mr. B's Oil Co.,* 166 Ga. App. 372 (304 SE2d 738) (1983). To sustain a cause of action for fraud based on alleged misrepresentations as to future events, the misrepresentation must have been made with a present intent not to perform. Id.; *Marshall v. York,* 165 Ga. App. 795, 798 (3) (302 SE2d 711) (1983); *Hines v. Good Housekeeping Shop,* 161 Ga. App. 318 (3) (291 SE2d 238) (1982).

Construing the evidence most strongly in favor of appellant as the party opposing summary judgment, *Ga. Power Co. v. Knighton,* 169 Ga. App. 416, 417 (312 SE2d 872) (1984), we find no evidence that appellee did not intend to deliver the bid on time as promised. To the contrary, we find affirmative evidence that the bid would have been delivered timely but for the unexpected delay caused by diffi-

culty in locating the consignee's office on the Army base. Therefore, there are no questions of material fact relating to appellant's claim of fraud and the trial court did not err in granting summary judgment.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 28, 1984 —
REHEARING DENIED DECEMBER 12, 1984 — 

*Anthony M. Zezima, Adrienne Black*, for appellant.
*David K. Whatley, Charles E. Buker III*, for appellee.