## 4853. BENFORD *v.* SHIVER.

1. It appearing, without contradiction, that one of the parties to the cause was detained at his home on account of the extreme illness of his child, and that his attendance upon the child was necessary, it was error to refuse to continue the case, after his counsel had stated in effect that his presence was absolutely necessary to enable counsel to proceed with the trial.

2. While, generally, a judgment can not be set aside except for defects appearing upon the record, this rule is not without exceptions, recognized by the common law; for, at common law, a motion to set aside a judgment could be based upon any irregularity of the judgment, whether appearing on the face of the record or not. A judgment which depends entirely upon the fact that the court erred in refusing a continuance may, upon a proper showing, be set aside for this irregularity, just as a judgment obtained by fraud or by perjury may be set aside upon a timely and appropriate motion filed at the term at which the judgment was rendered, though neither perjury nor fraud appears from the record.

3. In this case a motion to set aside the verdict and judgment was based on the ground that the movant was entitled to a continuance, for the reason that he was providentially prevented from being present at the court, and was thus deprived of an opportunity of testifying, as well as of the general right of a party to be present and assist his counsel in the conduct of the case. The motion was filed at the term at which the verdict was rendered, and its material averments were supported by proof which was not contradicted. The movant showed therein that he was not in laches, and he also, by express reference to the defendant's plea, set forth a meritorious defense, and announced immediate readiness for trial. It was therefore error to refuse to set aside the verdict and judgment.

DECIDED JULY 22, 1913.

Motion to set aside verdict; from city court of Dublin—Judge Hicks. March 14, 1913.

*Hal B. Wimberly,* for plaintiff in error. *Davis & Sturgis,* contra.

RUSSELL, J. At the December quarterly term of the city court of Dublin this case was called for trial. The defendant's counsel moved for a continuance because of the absence of the defendant, and stated, in his place, that his client's presence was necessary for him to go to trial in the case, as it was a suit on a contract in which his client would have to do all the swearing and in which he could not swear for him. He stated further, as explanatory of his client's absence, that, on Monday night of the week in which the verdict was rendered, he received a note by the hand of the defendant's son, which stated that a child of the defendant was dangerously ill and needed the defendant's presence and attention at that time; and that until the receipt of this communication, setting forth the sickness of his client's child, he had fully expected to go to trial, but that without his client he was unable to go to trial. The court overruled the motion for continuance, and a verdict was rendered in favor of the plaintiff. During the same term the defendant's counsel prepared an affidavit and sent it to the defendant, to have it signed by the attending physician, which

was done; and at the same term counsel sought to set aside the verdict and judgment, by a motion which stated the foregoing facts and was amended by setting out a meritorious defense and announcing ready for trial. On the hearing of this motion the movant testified that at the time his case was tried he was at home with a sick child, who at that time he thought was going to die, and that he had sent out for assistance to aid in shrouding the child. He testified that his reason for not sending a certificate of a doctor was that he did not know what to do, since he was expecting the child to die. According to the doctor's statement the child was so sick at that time that the presence of the defendant was needed at the sick-bed. There was further evidence showing the necessity for the attendance of the physician, and the necessity for the presence of the defendant with his child, as well as evidence of the payment of the physician. The court refused to set aside the verdict and judgment, for the reason that it appeared from the evidence that the doctor was attending the child ten days before the case was called; holding, in effect, that if proper diligence had been shown, the defendant would have made a proper showing for continuance upon the call of the case.

We think the court erred in refusing to set aside the verdict and judgment. It appearing, without contradiction, that the defendant was detained at his home by the extreme illness of his child, and that his attendance upon the child was necessary, it was error to refuse to continue the case, after his counsel had stated, in effect, that his presence was necessary to enable counsel to proceed with the trial. We do not think that the exercise of diligence on the part of the defendant required that he should have sent a certificate or sworn statement from the doctor ten days in advance of the trial. Neither this defendant nor any one else could have known with certainty at that time what would be the condition of the child upon the first day of the trial. If a certificate of this kind had been furnished, it would rather have inclined us to believe that the defendant was anxious for a continuance without regard to the propriety of continuing the case and without any good reason why the case should be continued. The testimony for the movant being the only testimony introduced upon the motion to set aside the verdict and judgment, and it appearing, from the judge's statement, that he did not disbelieve it, it appears that at the time

the verdict was rendered the presence of this father with his child, if not absolutely necessary, was demanded by every instinct of humanity. The child was thought to be dying; the physician himself expressed the opinion that the child could not live twenty minutes. Conceding the defendant to have the natural instincts of paternity, we can not concur in the opinion that he was required to be busying himself with perfecting a certificate to explain his absence from court, but rather are of the opinion that he should have been excused for the reason that the absorbing nature of his interest in his child precluded the consideration of any other subject.

If the judge erred in refusing a continuance, the question arises whether the error could be remedied by a motion to set aside the verdict and judgment. There have been a number of rulings in this State in which it has been held that a motion to set aside a judgment is not sustainable except for defects appearing upon the record. *Regopoulos* v. *State,* 116 *Ga.* 596 (42 S. E. 1014), and citations. But, as pointed out by Justice Evans in *Ford* v. *Clark,* 129 *Ga.* 292 (58 S. E. 818), motions to set aside judgments are not necessarily based on matters appearing on the face of the record. In support of this proposition the ruling in *Mobley* v. *Mobley,* 9 *Ga.* 247, is cited. In that case objection was offered to the admission of evidence of fraud in procuring the judgment, because it was not disclosed by anything appearing in the record. As to this point Nisbet, J., ruled: "Fraud in procuring a judgment is ground for its reversal  .  .; it is an irregularity which vacates it. It may be inquired into by the court which rendered the judgment." The same may be said as to a motion to set aside a judgment obtained by perjury. The proof that the testimony alleged to be perjured was in fact knowingly, wilfully, and absolutely false would necessarily be proof which would not be apparent upon the record.

It is to be borne in mind that at common law a motion to set aside a judgment could be based upon irregularities in the judgment whether these appeared in the face of the record or not. The true rule seems to be, that "In a proper proceeding by petition with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularities not

appearing on the face of the record." *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640 (50 S. E. 483). See, also, *Turner* v. *Jordan,* 67 *Ga.* 604; *Dobbins* v. *Dupree,* 39 *Ga.* 394; *Ayer* v. *James,* 120 *Ga.* 578 (48 S. E. 154).

Whether the rule would apply after the adjournment of the term at which the judgment was rendered or not, we are clear that during the term at which it was returned a proper motion might be filed, and upon a proper showing the judgment might be set aside and the case reinstated for another trial.　　*Judgment reversed.*