WORTHY *et al.* v. FARMERS LIFE CONFEDERATION.

HILL, J. 1. When this case was formerly before the Supreme Court (139 *Ga.* 81, 76 S. E. 856), it was held, that the judgment involved was not subject to attack by a motion in arrest on the grounds, first, that the petition on its face showed that the plaintiffs were not beneficiaries under a certain policy, and, secondly, that it failed to set forth a .cause

of action; that the motion to set aside the judgment complained of some matters that were covered by the motion in arrest, and as to them the same ruling would apply; that, in so far as the motion to set aside rested upon extraneous matters, no evidence was offered at the hearing, and the judgment in favor of the movant to set aside was unauthorized. After the case was returned from this court to the trial court, the motion to set aside the verdict and judgment was again heard, and evidence was introduced, and a judgment rendered sustaining the motion to set aside. *Held:* (a) In so far as the motion to set aside was predicated upon certain extrinsic matters involving fraud, it fell within the ruling in *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818); and if the allegations were sufficiently sustained, there was no error in setting aside the verdict and judgment. (b) The former decision of this court did not adjudicate that the motion to set aside in so far as it rested upon certain allegations outside of the record, could not be granted upon proper evidence.

2. The bill of exceptions recites that certain evidence was introduced as approved by the judge. The bill of exceptions does not contain any brief of such evidence, nor does it affirmatively show that any separate brief of the evidence was approved by the judge and filed. Counsel for plaintiffs in error suggested a diminution of the record, alleging that a certain letter, notice to produce letters and a check, order granting an injunction in the original case, "and the documentary evidence agreed on as a brief of the evidence and specified in the bill of exceptions," and a docket entry in the main case, showing a default, should be sent to this court. Attached to the bill of exceptions, and bearing the same date on which it was signed, appears an agreement between counsel for plaintiffs in error and defendant in error, that, the documentary evidence submitted "being absent from the files in said case, we ask the judge, when it is presented by the clerk, to approve the same as a brief of evidence as of this date." *Held*, that there is no law authorizing the making up of a record after the signing of the bill of exceptions, in order to be thereafter transmitted to this court as a supplement to such bill of exceptions.

3. Under the uncertainty arising from the allegations in the bill of exceptions and the agreement of counsel above mentioned, this court directed the clerk of the superior court to transmit a certified brief of the evidence, if one was filed, together with all entries thereon. In response to such order the clerk certified that there was no brief of evidence, duly approved by the court, filed in his office in said case. Accordingly, we can not deal with the question of whether the evidence authorized the judgment, and it can not be reversed on the ground that it was not so authorized.

(a) Nor was there merit, for the reason urged, in the objection to the admission in evidence of an order of the court, previously granted, denying a motion to dismiss the motion to set aside the judgment, which order was passed by another judge of the same superior court.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 12, 1916.

33

Motion to set aside judgment. Before Judge Bell. Fulton superior court. July 28, 1914.

*Henry Walker,* for plaintiffs in error.

*W. H. Terrell* and *J. F. Methvin,* contra.