## 14080.  JONES v. GEORGIA CASUALTY COMPANY.

The provisions of the Georgia workmen's compensation act should be reasonably construed in order to give effect to the expressed purposes for which it was designed and enacted. One of these being to provide for compensation to employees for both total disability and subsequent partial disability, occasioned by injuries received in the scope of the servant's employment, sections 30, 31, and 32 of the act should be so construed that, upon an injury being received entailing total disability, the employee is entitled to receive compensation therefor under the provisions of section 30; that where such total disability is succeeded by partial disability, he is entitled to recover additional compensation therefor either under section 31 or section 32,— under section 31 on account of all injuries except of the particular kind and character scheduled in section 32, but exclusively under section 32 if the partial disability is permanent and is occasioned by an injury of the character therein described.

DECIDED APRIL 17, 1923.

Appeal; from Calhoun superior court — Judge Custer. October 12, 1922.

Certiorari granted, and judgment reversed by Supreme Court. 156 *Ga.*

The portions of the workmen's compensation act (Ga. L. 1920, p. 167 et seq.) which are particularly involved in this case are sections 30, 31, and 32, as follows:

" Sec. 30. Be it further enacted, that where the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total incapacity a weekly compensation equal to one-half his average wages, but not more than twelve dollars, nor less than six dollars a week; and in no case shall the period covered by such compensation be greater than three hundred and fifty weeks, nor shall the total amount of all compensation exceed four thousand dollars.

" Sec. 31. Be it further enacted, That except as otherwise provided in the next section hereafter, when the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such incapacity, a weekly compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than twelve dollars a week, and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury. In case

the partial incapacity begins after a period of total incapacity, the latter period shall be deducted from the maximum period herein allowed for partial incapacity.

" Sec. 32.  Be it further enacted, That in cases included by the following schedule, the incapacity in each case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, and shall be in lieu of all other compensation, to-wit:

" (a)  For the loss of a thumb, fifty per centum of the average weekly wages during thirty weeks.

" (b)  For the loss of a first finger, commonly called the index finger, fifty per centum of the average weekly wages during thirty-five weeks.

" (c)  For the loss of a second finger, fifty per centum of the average weekly wages during thirty weeks.

" (d)  For the loss of a third finger, fifty per centum of the average weekly wages during twenty weeks.

" (e)  For the loss of a fourth finger, commonly called the little finger, fifty per centum of average weekly wages during fifteen weeks."

" (r)  Total loss of use of a member or loss of vision of an eye  shall be considered as equivalent to the loss of such member or eye.  The compensation for partial loss of or for partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of the payments above prescribed for total loss as such partial loss bears to total loss."

The plaintiff in error, having suffered an injury causing total disability for a certain number of weeks and resulting in permanent partial disability by reason of the partial loss of the use of two of his fingers, was awarded by the commissioner before whom the claim was tried a certain sum, under section 30 of the act, for temporary total disability, and an additional sum, under section 32 of the act, for the permanent partial disability caused by the partial loss of the use of his two fingers.  The judgment rendered by the commissioner was appealed to the industrial commission as a whole, on the contention that the compensation provided for by section 32 for loss or partial loss of the designated members was exclusive, and that the additional compensation allowed for the period of total disability was therefore unau-

thorized. The judgment of the commissioner was affirmed by the commission. Upon an appeal this judgment was reviewed by the superior court. The able judge who heard it differed with the ruling made by the commissioner and by the commission as a whole, and in reversing the judgment passed the following order:

" This case coming on to be heard before me upon an appeal from a finding of the industrial commission of Georgia, as provided by law, after argument had and consideration of the briefs filed by the claimant and by the Georgia Casualty Company, the court construes the Georgia workmen's compensation act as follows:

". 1st. Section 30 specifically provides ' certain compensation for total incapacity of the injured employee, which compensation may extend for 350 weeks.'

" 2d. Section 32 of the act provides for specific payments for loss of specific members of the body at a fixed sum to be arrived at by a computation based upon a definite number of weeks, and this compensation prescribed by the act ' shall be in lieu of all other compensation.'

" 3d. By section 31 of the act provision is made for partial incapacity of the employee, and compensation is allowed for 300 weeks.

" It is the court's opinion that sections 30 and 31 taken together could be the basis of compensation for an injury similar to the case under review, and the compensation might be thus legally allowed in an amount greater than that provided by section 32, but in the allowance of the compensation as provided by section 32 the court holds that such allowance is exclusive of any other compensation provided for in the act. It is the opinion of the court that it is entirely a matter for the industrial commission to say under which sections of the act compensation is allowed, and the facts would then determine the amount of compensation to be paid based upon a finding as to whether the loss should be for total and partial incapacity under sections 30 and 31, or whether the compensation should be allowed for the loss of a member under section 32, and if the facts warranted such a finding, then this court holds that on review the judgment should stand. However, under the finding of the commission undertaking to allow compensation under section 30 and section 32 for the identical in-

jury, the court holds that said finding was and is contrary to law so far as the finding allowing compensation for total incapacity is concerned; but the finding of the commission that the insurance carrier shall pay twenty-three weeks compensation for permanent partial disability under section 32 of the act is hereby affirmed." The claimant excepts to that part of the judgment which reversed the award by the commission for compensation on account of temporary total incapacity under section 30.

*A. W. Cozart, W. Cecil Neill,* for plaintiff.

*P. F. Brock, Arnold & Battle,* for defendant.

JENKINS, P. J. The question involved is not altogether free free from doubt and uncertainty, since the language of section 32 is not free from ambiguity. The provisions of the statute are remedial, and it is expressly designed to prevent industrial accidents, and to provide rights and remedies both to employers and employees under the contingencies of modern industrial conditions. Thus, in carrying out the purpose and intent of the statute, even though it be in derogation of the common law, it will be reasonably construed so as to prevent, if possible, a miscarriage of the purposes and benefits for which it was designed and enacted. See, in this connection, 28 R. C. L. 740, 755, 758 (§ 52); L. R. A. 1916A, 215; L. R. A. 1917D, 89. Since the statute expressly purports to provide restricted compensation for total disability (§ 30), and since it expressly provides for the payment of additional compensation for subsequent partial disability occasioned by the same injury (§ 31), it would be altogether irrational to attempt to give effect to what might seem to be the literal meaning of section 32. This section provides that " in cases included by the following schedule, the incapacity in each case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, and shall be in lieu of all other compensation." Taking the language as it stands, section 32 might seem to afford the sole and exclusive remedy, and provide the sole and exclusive compensation, for all disabilities, both total and partial, caused by injuries to the particular members therein dealt with. The order passed by the superior court judge indicates that he does not so interpret it, but in his opinion the employee or the commission is privileged to disregard the provisions of section 32, even when

the disability is occasioned by permanent injury to one of the bodily members embraced in the schedule in that section, and to proceed for total disability under section 30 and for additional partial disability under section 31. The statute certainly can not mean that an employee is limited to the rights given him under section 32 for all compensation occasioned by an injury to the members therein enumerated. To illustrate such an interpretation of the rule: if a person were to suffer an injury to his thumb, and the wound, through infection or other cause, rendered him totally and continuously disabled for a period of fifty, a hundred, or even three hundred and fifty weeks, but upon final recovery he should retain two thirds of the use of his thumb, he could only be entitled to 50 per cent of his weekly wages for 10 weeks. The section manifestly had no such intent. It deals exclusively with partial disabilities; not only so, but its scope is limited to partial disabilities resulting from injuries of a certain, definite, and particularly described character, to wit, injuries to particular members or organs of the body. Section 30 provides for temporary and permanent total disability. Section 31 provides for temporary or permanent partial disability on account of any and all injuries to the person " *except as otherwise provided* " in section 32. By its express terms section 31 omits to provide for partial disabilities occasioned by permanent injuries to the particular members scheduled by the succeeding section. Finally, section 32 provides for permanent partial disability on account of the particular injuries expressly excepted from the operation of the preceding section. Section 32 is the only section which provides, and it provides exclusively, for partial disabilities occasioned by permanent injuries of the particular character therein set forth; neither this section nor the preceding section in any wise purports to deal with the subject of total disabilities. These are dealt with by section 30 exclusively. It thus appears that, construing the three sections together, upon an injury being received entailing total disability, the employee is entitled to receive compensation therefor under the provisions of section 30; that where such total disability is succeeded by partial disability he is entitled to recover additional compensation therefor either under section 31 or section 32,— under section 31 on account of all injuries except of the particular kind and character scheduled

in section 32, but exclusively under section 32 if the partial disability is permanent and is occasioned by an injury of the character therein described.

If such additional compensation for permanent partial disability is recovered under section 32 for the " loss " or " partial loss " of a member therein designated, no additional compensation can be had for partial disability under section 31, but the remedy prescribed therefor by section 32 is exclusive. This would seem to be the meaning of the concluding phrase in the first sentence of section 32, rather than a construction which would mean that, although an employee is limited to this section for the recovery of partial disabilities whenever the permanent injury is to a designated member, yet because he recovers this much of the claim to which, by the purport of the act, he is entitled, he must thereby waive and renounce the other and perhaps the greater portion of his claim for previous total disability. Especially would the construction we have given seem to be the correct one when it is considered that section 32 is dealing not at all with the matter of total disabilities, but exclusively with particular kinds of permanent partial disabilities as specifically excepted from the operation of section 31. Just as section 31 specifically excepts the subject-matter of section 32, so section 32, though in ambiguous language, seeks to specifically except from a dual operation the subject-matter dealt with in section 31. In our opinion the award of the commission should have been sustained.

*Judgment reversed. Stephens and Bell, JJ., concur.*