18474.   JOHNSON, *alias* GUNDER, *et al. v.* GUNDER *et al.*

Argued January 13, 1954—Decided February 9, 1954—Rehearing denied February 24, 1954.

*Ewing & Farrar, Kopp & Peavy,* for plaintiffs in error.

*B. G. O'Berry, R. A. Moore,* contra.

SUTTON, Justice. Under the present divorce statute (Ga. L. 1946, p. 90; Code, Ann., § 30-101), a divorce decree will become of full force and effect at the expiration of 30 days after the rendition thereof, unless some person at interest shall file a motion setting forth good and sufficient grounds for the modification or setting aside of such decree. Code § 110-707 declares: "All motions to arrest or set aside a judgment must be made to the court by whom such judgment was rendered, and of such motions the opposite party must have reasonable notice."

Julius Gunder married Lillie Tyson during the year 1918, and they lived as husband and wife until they separated on December 20, 1942. Julius Gunder was granted a total divorce from Lillie Tyson Gunder on March 14, 1949, and the divorce decree stated that the marriage contract was dissolved and both of said parties were at liberty to marry again. Thereafter, the exact date not appearing, the deceased married Annie Moore Johnson, and of such marriage a daughter was born. So far as appears from the record the deceased continued to live openly with Annie Moore Johnson as his wife, in the same county where he had formerly lived with Lillie Tyson without any protest being made by any person at interest, until his death which occurred on August 24, 1952. He died more than three years after obtaining the divorce without knowing that a motion had been filed to set it aside, so far as the record shows.

Irrespective of whether the motion to set aside set forth good and sufficient ground for setting aside the divorce decree—construing said divorce statute in connection with the general statute requiring reasonable notice to the opposite party where a motion is made to set aside a judgment, the mere filing of the motion to set aside the divorce decree, without any service thereof or reasonable notice to the opposite party, was insuffi-

cient to prevent the divorce decree from becoming of full force and effect.

It was held in *Allison* v. *Allison*, 204 *Ga.* 202, 204 (48 S. E. 2d 723), that a motion to set aside a verdict in a divorce case is the equivalent of a motion for new trial and must meet the requirements thereof in substance and form.

What has been said is in accord with the principle that, "where there is more than one marriage, the law presumes the last marriage to be valid; and the burden is upon the one attacking it to overcome this presumption by proving its invalidity." *Longstreet* v. *Longstreet*, 205 *Ga.* 255 (1) (53 S. E. 2d 480); *Griffin* v. *Welch*, 210 *Ga.* 300 (2) (79 S. E. 2d 527).

Under the facts of this case, and the law applicable thereto, Annie Moore Gunder and her child by Julius Gunder, and his two children by Lillie Tyson Gunder would be his heirs at law; and the trial court erred in entering a judgment to the effect that the petitioners are the sole heirs at law of the deceased, and that the defendants have no interest in his estate.

*Judgment reversed.   All the Justices concur.*