Cheshire,
No. 4467.

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY

*v.*

DOROTHY PERKINS OHMART, *G'd'n.*

Argued March 6, 1956.

Decided March 29, 1956.

*Howard B. Lane* (by brief and orally), for the plaintiff.

*Bell & Bell* (*Mr. Ernest L. Bell, III* orally), for the defendant.

BLANDIN, J. The issue here is whether the legal adoption of the dependent minor children by their stepfather terminates the obligation of the plaintiff insurance carrier to make payments for their benefit under our Workmen's Compensation Law. RSA 281:22, provides for weekly payments to be made to the dependents of a deceased workman and in *par.* III states, "In case of remarriage of a widow who has dependent children the unpaid

balance of compensation which would otherwise become her due shall be payable to the mother, guardian, or such other person as the commissioner of labor may order, for the use and benefit of such children during dependency." Dependents are defined in RSA 281:2 VII, as children "who were wholly or partially dependent in fact upon the earnings of the employee for support at the time of the injury." It appears that in fixing the date of injury as the time when dependency shall be determined, the Legislature intended to adopt a formula to accomplish the beneficent purpose of the law in the vast majority of cases. In addition to this the administration of the act is definitely facilitated and much confusion and uncertainty avoided. For these, among other reasons, the great weight of authority holds that "Once rights as a dependent under an award have been acquired, they are not lost by a subsequent change in the dependent's financial position, nor by any change short of the events . . . expressly terminating compensation by statute." 2 Larson, Workmen's Compensation Law, *s*. 64:40; see also, *Kramer* v. *Tone Bros.*, 198 Ia. 1140. The status of the dependents is fixed by the statute as of the date of the injury. Larson, *Id.*, *s*. 64:50. Thus, adoption of the dependents in the instant case would not terminate their rights in the absence of statutory limitations. *Studebaker Corp.* v. *Anderson*, 96 Ind. App. 215; 58 Am. Jur., Workmen's Compensation, *s*. 186, *pp*. 700, 701.

While it is true as the plaintiff argues, that the statute in the *Anderson* case, *supra*, (Acts 1929, *c*. 172, *s*. 38) did not contain the precise words "dependent in fact" as does our statute, we fail to see the materiality of this difference. The plaintiff concedes that the minors involved here were dependent in fact upon the deceased at the time of injury and under the rationale of the *Anderson* decision and other authorities cited, this and not subsequent events determines their rights.

It is significant that our Legislature in RSA 281:22, while terminating payments to the dependent widow in certain circumstances as when she remarries (*Id.*, 22 II, III; see also, *s*. 35) failed to place any similar restrictions on the rights of dependent children. See *Colby* v. *Varney*, 98 N. H. 99, 103. This is a strong indication that none were intended. *State* v. *Wilton Railroad*, 89 N. H. 59, 61; see also, *Moore* v. *Dailey*, 97 N. H. 278, 279. Since they were still dependent children at the time of the widow's remarriage they were entitled to receive her share under section 22, *supra*.

In the case of *Diamond* v. *Employers &c. Co.*, 97 N. H. 510, 512,

relied upon by the plaintiff to show that dependency ceased upon the adoption of the children, the issue as stated by the court was whether the rights of a dependent widow who died "survive to the dependent's estate or are personal and terminate at death." In holding that the rights did not survive, the court made it clear that the basis of its decision was that to permit compensation funds to go to the estate would contravene the express provision of our law (Laws 1947, c. 266, s. 42; RSA 281:45) stating that compensation rights shall be exempt from all creditors except certain claims not therein involved. As an additional reason for the result, the opinion says that the distribution of compensation payments would be to persons never dependent upon the deceased employee and therefore not entitled to the benefits of the statute. In contrast to this situation, in the present case compensation payments would be made to minor children who were dependent in fact upon the deceased employee at the time of his injury. It is plain that the *Diamond* case, deciding a different question upon different facts than are before us, is no authority for the plaintiff's position.

Finally, the plaintiff cites *Clapp* v. *Brighi*, 93 N. H. 431, as authority for the proposition that an adopted child bears the same relation to his adopting parents as a natural child so that the natural parents are freed of the duty of support and that, therefore, these adopted children are no longer dependents of their deceased natural father. The answer to this is that had the Legislature desired this result in compensation cases, it would have said so. It did nothing of the sort, but on the contrary without qualification expressly classified dependents as "children . . . dependent in fact upon the earnings of the employee *at the time of the injury* . . . . " RSA 281:2 VII (Emphasis supplied.) The defendant's wards in this case fall squarely within this definition, and it follows that the order is

*Judgment for the defendant.*

All concurred.