41184, 41185.   UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. DUNBAR et al.; and vice versa.

ARGUED MARCH 3, 1965—DECIDED JULY 2, 1965—
REHEARING DENIED JULY 20, 1965.

*Burt & Burt, Donald Rentz, H. P. Burt,* for plaintiffs in error. *Peek, Carr, Whaley & Blackburn, Richard D. Carr, B. C. Gardner, Jr., J. Neely Peacock, William T. Roberts,* contra.

HALL, Judge. ■ The board concluded that Mrs. Newton was not entitled to compensation because the divorce was in effect on the date of the deceased's death, reasoning that the decree of divorce was voidable and had not at that time been set aside, and that Mrs. Newton's children therefore were not entitled to compensation as stepchildren.

It is true that extrinsic fraud in the procurement of a judgment renders the judgment voidable rather than void (*Alabama Great Southern R. Co. v. Hill,* 139 Ga. 224, 228 (76 SE 1001, 43 LRA (NS) 236, AC 1914D 996)); and a judgment of a court of competent jurisdiction is conclusive of the issues adjudicated between the parties until it is reversed or set aside. *Code* §§ 110-501, 110-708; *Smith v. Robinson,* 214 Ga. 835 (108 SE2d 317). The question of law upon which the board based its denial of compensation to Mrs. Newton and her children has not been decided by the appellate courts of Georgia. Once a fraudulent judgment of divorce has been set aside, are

the status and rights of the parties affected retroactively to the date of the judgment? Elsewhere it has been held that where a judgment is vacated or set aside it is entirely destroyed and rights of the parties are left as though no judgment had ever been entered. 49 CJS 557, § 306. And a judgment vacating a fraudulent divorce decree re-establishes the relation of husband and wife as if the decree of divorce had not been entered. Vaughan v. Vaughan, 258 Ala. 336 (62 S2d 466); 27A CJS 715 § 172; 17 Am. Jur. 590, § 490.

While following the death of a spouse the question of the effect of a fraudulent divorce on the parties' marital status becomes moot, an action to set aside the fraudulent divorce can be maintained following the death if it appears that the divorce decree or the subsequent action to set it aside involved some property right in which the surviving spouse is beneficially interested. Rivieccio v. Bothan, 27 Cal.2d 621 (165 P2d 677); 17 Am. Jur. 591, § 491; 615, § 520; Anno. 22 ALR2d 1312, 1323; cf. *Waldor v. Waldor*, 217 Ga. 496, 499 (123 SE2d 660). The Supreme Court of California in an opinion written by Justice Traynor in the Rivieccio case, supra, recognized a workmen's compensation death benefit as a property interest within this rule.

The Court of Appeals of Indiana has held that a workmen's compensation claimant was not the wife of a deceased employee at the time of his death because a divorce decree between the parties set aside following his death was in full force and effect until set aside. Deremiah v. Powers-Thompson Construction Co., 125 Ind. App. 662, 670 (129 NE2d 425). To follow this decision would not, in our opinion, bring about the better result in the majority of cases.

We hold that the judgment setting aside Mrs. Newton's divorce from the deceased had it not been void for the reasons hereinafter discussed, would have re-established her status as his wife on the date of his death. Accordingly, the board's conclusion that the divorce was in effect on the date of the deceased's death was based on a legal theory that we decide to be erroneous.

■ The record in this case shows that the trial court's judgment setting aside the divorce decree was granted ex parte at

the same term of court at which the divorce was granted, upon the petition of Mrs. Newton alleging that Dunbar procured the divorce by fraud. Dunbar was deceased at the time the petition to set aside was filed, and no notice of the petition or judgment setting aside the divorce was given to anyone representing him as the adverse party to the divorce decree. A motion to set aside a judgment for extrinsic fraud need not be made during the term at which the judgment was rendered, but may be made at any time within the statute of limitation. *Code* §§ 110-703, 110-710; *Young v. Young,* 188 Ga. 29 (2 SE2d 622). However, notice to the adverse party of a petition or motion to set aside a judgment for defects not apparent on the face of the record which invalidate the judgment is required, even when the petition is brought within the same term of court that the judgment was entered. *Baker v. McCord,* 173 Ga. 819 (162 SE 110); accord *Dugan v. McGlann,* 60 Ga. 353; *Union Compress Co. v. Leffler & Son,* 122 Ga. 640, 642 (50 SE 483); *Ford v. Clark,* 129 Ga. 292, 294 (58 SE 818); *Worthy v. Farmers' Life Confederation,* 144 Ga. 512, 513 (87 SE 667); *Roberts v. Roberts,* 150 Ga. 757 (105 SE 448); *Citizens & Contractors Bank v. Maddox,* 175 Ga. 779, 784 (166 SE 227); *Plunkett v. Neal,* 201 Ga. 752 (41 SE2d 157); *Johnson v. Gunder,* 210 Ga. 419, 421 (80 SE2d 327); *Benford v. Shiver,* 13 Ga. App. 135 (78 SE 860); *Longshore v. Collier,* 37 Ga. App. 450 (140 SE 636).

There are opinions of the appellate courts stating that during the term of court at which judgments are made the court has discretionary power to set them aside without notice to anyone. Review of such opinions reveals that the defect in the judgment attacked was one invalidating the judgment that appeared on the face of the record (*Waldor v. Waldor,* 217 Ga. 496, 497, supra), or an improvident determination by the court of a question "not affecting the merits of any portion of the case" (*Jones v. Garage Equipment Co.,* 16 Ga. App. 596, 598 (85 SE 940); *Athens Apartment Corp. v. Hill,* 156 Ga. 437 (119 SE 631); *Smith v. Armour Fertilizer Works,* 18 Ga. App. 521 (89 SE 1087)); or that notice to the adverse party was in fact given in the case (*Dover v. Dover,* 205 Ga. 241 (53 SE2d 492); *Shivers v. Shivers,* 206 Ga. 552 (57 SE2d 660); *Jowers & Son v.*

*Kirkpatrick Hdw. Co.*, 21 Ga. App. 751 (94 SE 1044)). Cases in which the court has power to set aside judgments during the term without notice to the adverse party do not include cases in which fraud, extrinsic to the record, is alleged as the ground for setting aside the judgment.

The judgment setting aside the divorce decree between Dunbar and Mrs. Newton was void for the reason that the adverse party to the petition to set aside the judgment was not given notice of nor heard in the proceeding. *Code* § 110-709. The board's conclusion that the divorce was in effect on the date of the deceased's death and its denial of compensation to Mrs. Newton and her two children, upon the evidence before it, were correct.

■ The appellants contend that Ricky Dunbar was not a dependent of the deceased, his natural father, on the date of the accident because he was in fact dependent on Pelletier, then his stepfather, who had obtained an interlocutory order to adopt him.

The section of the Workmen's Compensation Act providing for death benefits to dependents of a deceased employee provides that "compensation provided for in this section shall be payable only to dependents and only during dependency." *Code Ann.* § 114-413. The section immediately following this, *Code* § 114-414, provides: "The following persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the *deceased employee:* (a) A wife upon a husband whom she has not voluntarily deserted or abandoned at time of the accident. (b) A husband upon a wife with whom he lived at the time of her accident if he is then incapable of self-support and actually dependent upon her. (c) A boy under the age of 18, or a girl under the age of 18, upon a parent. . . As used in this section, the terms 'boy', 'girl', or 'child' shall include stepchildren, legally adopted children, posthumous children, and acknowledged illegitimate children, but shall not include married children; the term 'parent' shall include step-parents and parents by adoption. . . In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts at the time of the accident. . . For the purpose of this Title, the dependency of a widow or widower of a de-

ceased employee shall terminate with remarriage. The dependency of a child, except a child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of 18 years of age." (Emphasis supplied).

The Supreme Court of Georgia has decided that after a final order of adoption creating the legal relation of parent and child between a child and the adoptive father, the child is not entitled to workmen's compensation benefits by reason of the death of its natural father; ". . . *at the time of the injury or death of the natural father,* the relationship of parent and child as between the injured or deceased natural father did not exist by reason of the adoption of the child by another." *New Amsterdam Cas. Co. v. Freeland,* 216 Ga. 491, 496 (117 SE2d 538); *Alexander v. Employers Mut. Liab. Ins. Co.,* 102 Ga. App. 750 (118 SE2d 215). The Georgia adoption law provides that after a final order of adoption "the parents of the child shall be divested of all legal rights, or obligations from them to the child or from the child to them; . . . Said adopted child shall be considered in all respects as if it were a child of natural bodily issue of petitioner or petitioners, and shall enjoy every right and privilege of a natural child of . . ." the adoptive parent. Ga. L. 1941, pp. 300, 305, as amended, 1949, p. 1157; 1957, pp. 339, 340; 1961, p. 219; 1962, pp. 524, 525; *Code Ann.* § 74-414.

The general intent of the Georgia adoption statute appears to be that the rights and obligations of a natural parent, and those of an adopting parent, to a child are not conclusively altered until the date of the final order of adoption. Ga. L. 1941, pp. 300, 304-306, as amended, Ga. L. 1949, p. 1157; 1957, pp. 339, 340; 1961, p. 219; 1962, pp. 524, 525 (*Code Ann.* §§ 74-413, 74-414). Consistent with the decision in *New Amsterdam Cas. Co. v. Freeland,* 216 Ga. 491, supra, if at the time of the injury or death of the natural father there has been no final order of adoption and the relation of parent and child still exists between him and the child, the conclusive presumption of dependency would arise against the natural father.

The evidence in the present case shows that at the time of the death of the natural father Ricky Dunbar was living with and supported by Pelletier who was in the Air Force, and who

was then Ricky's stepfather and thereafter became his adoptive father. The contention has been made that in these circumstances by the terms of the statute (*Code* § 114-414, supra) on the date of the natural father's death there arose simultaneously a conclusive presumption of dependency on the natural father and a conclusive presumption of dependency on the stepfather, and therefore, since the two presumptions are in conflict, dependency must be determined as a question of fact. The words of the section of the statute creating presumptions of dependency are that certain persons "shall be conclusively presumed to be the next of kin wholly dependent for support upon the *deceased employee*." A presumption of a claimant's dependency arises when a person in one of the relationships to him mentioned in that section is both (1) *deceased* and (2) an *employee* covered by the Workmen's Compensation Act. Since the purpose of the presumption is to provide conclusive evidence of dependency upon the deceased employee in a workmen's compensation claim, and it arises only upon death resulting from a compensable accident, the presumption does not apply as between a claimant and a person in one of the relationships to him mentioned in the statute, who is *alive,* or who is not an *employee* covered by the Workmen's Compensation Act. Thus, since the evidence shows that Ricky Dunbar's stepfather was not only alive, but not covered by the Workmen's Compensation Act, no presumption of Ricky's dependency upon him arises. And since the statute makes the presumption of dependency conclusive, evidence that Ricky was dependent upon his stepfather does not rebut the presumption of dependency upon his deceased natural father. This is consistent with the *New Amsterdam* case, supra, because there, at the time of the fatal accident to the employee (the natural father) his relation of father to the claimant children did not exist; by a final order of adoption of the children it had been extinguished by law.

Furthermore, it is a common situation that children have a stepfather as well as a living natural father, and if the legislature had intended to restrict the children's right to workmen's compensation benefits in such cases it could have included them in the provision that "in all other cases, questions of dependency

. . . shall be determined *in accordance with the facts* at the time of the accident." *Code* § 114-414. "There is no possible doubt that the Act gives to the child compensation for the homicide of his father. It would seem to be an extremely harsh, rather than a liberal, construction of the statute to nullify unnecessarily by implication a plainly established right in favor of the child, and this by reason of a clause which, in dealing with his rights and remedies, appears on its face to extend rather than to restrict, to include rather than to exclude . . . the stepfather clause can not reasonably be construed—and especially so under a liberal construction of the act—to exclude by an unnecessary implication a plainly established claim for the homicide of an actual parent, but that it merely enlarges the sphere of conclusive presumption in favor of the child by including a right which would not otherwise conclusively exist." *Travelers Ins. Co. v. Williamson*, 35 Ga. App. 214, 220 (132 SE 265).

When the Workmen's Compensation Law is not applicable, natural children have rights under the wrongful death statute to recover damages for the death of their parents. *Code* § 105-1302. These rights are not taken away when the natural parents are divorced and the child has a stepparent or stepparents. Accord *Peeler v. Central of Ga. R. Co.*, 163 Ga. 784, 789, 790 (137 SE 24); *Vickers v. Vickers*, 210 Ga. 488 (80 SE2d 817); 25 CJS 1108, 1113, §§ 33, 34. It is not reasonable to suppose that the legislature intended, when it took away these rights in some cases and substituted for them rights to benefits under the Workmen's Compensation Act (*Code* § 114-103) that the rights of children to workmen's compensation benefits should be changed by the divorce and remarriage of their parents, when those events do not diminish the rights of children (whose parents are not covered by the Workmen's Compensation Act) to whom the wrongful death statute applies.

The Supreme Court of Iowa has decided, under a statute providing that a child under 16 years of age is conclusively presumed to be wholly dependent upon its parent, and that "stepparents shall be regarded as parents," that a child was conclusively dependent upon its natural parent, even though at the

time of the death of the parent due to an industrial accident the child was residing in the home of a stepparent as a member of the family. Day v. Town Club, 241 Iowa 1264 (45 NW2d 222) ; accord Larson, Workmen's Compensation Law, 98, 99, § 62.30.

The Georgia Workmen's Compensation Act provides that questions of dependency shall be determined as of the time of the accident. *Code Ann.* §§ 114-413, 114-414. It appears that in fixing the date of the accident as the time when dependency is determined the legislature intended to adopt a formula to accomplish the beneficent purposes of the law in the vast majority of cases. In addition to this, the administration of the Act is definitely facilitated and much confusion and uncertainty avoided. American Mut. Liab. Ins. Co. v. Ohmart, 100 N.H. 167 (121 A2d 793).

Thus Ricky Dunbar was a dependent of the deceased on the date of the accident.

The appellants contend that, even so, this dependency ceased and benefits to Ricky Dunbar should terminate on the date of the final order of adoption by Pelletier.

The terms "dependents" and "dependency" in *Code Ann.* § 114-413, supra, must be given meaning in accordance with the provisions for determining dependency in *Code* § 114-414. That section makes persons in certain categories of relationship to the deceased employee on the date of the accident dependents as a matter of law, and makes their dependency terminate as a matter of law upon events specified in the section, namely, for a widow or widower, remarriage; for a child, the attainment of 18 years of age. The section makes the dependency of all other persons determinable as a matter of fact at the time of the accident. If § 114-413 requires, as to those persons whose dependency is to be determined as a matter of fact at the time of the accident, that benefits to them be paid only *until their dependency terminates as a matter of fact* (an issue that is not before the court and is not decided in this case), nevertheless, as to persons whose dependency § 114-414 fixes as a matter of law, the term "during dependency" in § 114-413 must mean *until an event specified in the statute as terminating dependency.*

This interpretation of the statute results if the maxim *inclusio unius est exclusio alterius* is applied to determine the intention of the legislature. See *White v. Clements*, 39 Ga. 232, 265; *Crawford v. Glasgow*, 86 Ga. 358 (12 SE 747); *Standard Oil Co. of Kentucky v. State Revenue Commissioner*, 179 Ga. 371, 375 (176 SE 1); *City of Macon v. Walker*, 204 Ga. 810 (51 SE2d 633). And it is consistent with the rule that the Workmen's Compensation Act is to be interpreted liberally for the benefit of employees and their dependents. *Van Treeck v. Travelers Ins. Co.*, 157 Ga. 204 (121 SE 215); *Jones v. Georgia Cas. Co.*, 30 Ga. App. 207, 210 (117 SE 467); *Continental Cas. Co. v. Haynie*, 51 Ga. App. 650, 652 (181 SE 126).

It has been held in other jurisdictions that the status of a child as a dependent beneficiary is fixed at the time provided by the workmen's compensation statute and does not change except upon an event expressly provided by statute for terminating compensation. American Mut. Liab. Ins. Co. v. Ohmart, supra; Log Mountain Coal Co. v. Head, 219 Ky. 799 (294 SW 470, 53 ALR 216); Larson, Workmen's Compensation Law 130-132, Supp. 124, §§ 64.40, 64.50.

Under the Georgia statute, Ricky Dunbar is entitled to compensation as a beneficiary of the deceased until he reaches 18 years of age.

The trial court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Bell, P. J., concurs. Frankum, J., concurs in the judgment and in Divisions 1 and 2 of the opinion.*