We granted certiorari to review the Court of Civil Appeals in a declaratory judgment action involving Alabama's workmen's compensation law. The issue is the proper allocation of death benefits among the widow of an employee and his four children by previous marriages.
The trial Court awarded workmen's compensation benefits exclusively to the widow. On appeal, the Court of Civil Appeals affirmed (with Wright, P.J., dissenting). We reverse and remand.
The Alabama law controlling the amount and allocation of death benefits payable to the dependents of a deceased employee is set out in §§ 25-5-60 through 25-5-63, Ala. Code 1975.
Section 25-5-62 designates the order of compensation for those persons who are total dependents:
 "A wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law or father-in-law who was wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his total dependents, and payment of compensation shall be made to such total dependents in the order named."
(Emphasis supplied.)
The rationale of the Court of Civil Appeals is expressed as follows:
 "[I]t is clear to this court that the trial court is not in error in determining that the widow is to receive the entire workmen's compensation benefits of her deceased husband to the exclusion of the deceased husband's minor children from prior marriages. This is so because `payment of compensation shall be made to such total dependents in the order named' can have no other meaning. Put another way, each class of beneficiaries of workmen's compensation benefits, as designated by § 25-5-62 takes in the order set out in the statute to the exclusion of after named beneficiaries."
The primary and obvious legislative purpose of the Act as a whole (when death results from an on-the-job injury) is to provide dependents with a measure of subsistence for a prescribed period. § 25-5-61 establishes a class of persons presumed wholly dependent, limited to a wife or husband and minor children. § 25-5-62 expands the class to include family members who were, in fact, "wholly supported by the deceased workman at the time of his death. . . ." Contained in that section is the troublesome language, which is the basis of this case, providing that "payment of compensation shall be made to such total dependents in the order named." This language is repeated in another context in § 25-5-63. Nevertheless, §25-5-60 (1)c provides for the allocation of benefits among the surviving spouse and children of the deceased where applicable:
 "If one of two or more dependents is a widow or widower, the compensation may be paid to the widow or widower for the benefit of herself or himself and the dependent child or children. In its discretion and when it considers appropriate to do so, the court shall at any time have the power to determine, without the appointment of any guardian or guardians, what portion of the compensation shall be applied for the benefit of any such child or children and may order the same paid to a guardian or custodian of such child or children." *Page 861 
The Supreme Court of Tennessee, interpreting provisions in the Tennessee workmen's compensation law almost identical to §25-5-62, held in a similar fact situation:
 "T.C.A. § 50-1013 (c)(3) expressly provides that when a deceased employee leaves both a widow and dependent children, the benefits are payable jointly, subject to the power of the court to allocate the benefits among them should that be appropriate. The separate listing of `wife' and `children' in T.C.A. § 50-1013 (a)(3) is less to establish the priority between them than to establish the priority of each over the potential beneficiaries listed subsequently." Farmer v. Farmer, 562 S.W.2d 205, 207 (Tenn. 1978).
See, also, Old Republic Insurance Co. v. Christian, 389 F. Supp. 335
(E.D.Tenn., 1975).
We concur with this interpretation, believing that the legislature did not intend to make a widow and minor children separate classes of total dependents to the exclusion of each other. § 25-5-61 establishes a special class of total dependents who are presumed to be wholly dependent. The spouse and children of the decedent are the sole members of this class. It is inconceivable that the legislature would presume such children to be wholly dependent in one section, and then proceed to totally exclude them from benefits in the following section.
We do not overrule the holding of this Court inSloss-Sheffield Steel Iron Co. v. Alexander, 241 Ala. 476,3 So.2d 46 (1941). In that case, what is now § 25-5-62 was construed to mean that partial dependents as a class may be eligible for benefits only after demonstrating that those classified as total dependents are ineligible for such benefits.
The Supreme Court of Georgia has offered another compelling line of reasoning, arguing for a sharing of workmen's compensation benefits by children of a deceased employee's former marriage:
 "When the workmen's compensation law is not applicable, natural children have rights under the wrongful death statute to recover damages for the death of their parents. . . . These rights are not taken away when the natural parents are divorced and the child has a step-parent or step-parents. . . . It is not reasonable to suppose that the legislature intended, when it took away these rights in some cases and substituted for them rights to benefits under the Workmen's Compensation Act. . . . That the rights of children to workmen's compensation benefits should be changed by the divorce and remarriage of their parents, when those events do not diminish the rights of children (whose parents are not covered by the Workmen's Compensation Act) to whom the wrongful death statute applies." United States Fidelity Guaranty Co. v. Dunbar, 112 Ga. App. 102, 143 S.E.2d 663, 669 (1965).
While § 6-5-410 of the Alabama Code requires a "personal representative" of the decedent to commence a wrongful death action, the real parties in interest, and the intended beneficiaries under the statute, are the heirs of the decedent determined by the statute of distribution. Board of Trustees ofthe University of Alabama v. Harrell, 43 Ala. App. 258,188 So.2d 555 (1965). The descent and distribution statute clearly identifies the decedent's children as the intended beneficiaries. §§ 43-3-1, 43-3-10, Ala. Code 1975.
Viewing the totality of the legislative purpose in §§ 25-5-60
through 25-5-63, we find the four minor children, Appellants in the instant appeal, to be wholly dependent upon the decedent by statutory presumption. Therefore, they are entitled to an appropriate share of the workmen's compensation benefits in accordance with the provisions of § 25-5-60 (1)(b) and (c). Accordingly, we remand to the Court of Civil Appeals for an order remanding the cause to the Circuit Court for the exercise of its discretion to apportion the total award among the widow and the four minor children.
REVERSED AND REMANDED.
All the Justices concur, except ALMON, J., not sitting. *Page 862