L. CHARLES WRIGHT, Retired Appellate Judge.
Clarence Wilson was employed by Brace-well-Grant Timber, Inc., as a pulpwood worker. In July 1989 Wilson was involved in a work-related accident which resulted in his death. At the time of his death he was earning an average weekly wage of $124.26.
Bracewell-Grant filed a complaint for in-terpleader in the Circuit Court of Barbour County seeking a judicial determination of the dependents of Wilson and the amount of compensation due the dependents. In an effort to expedite the litigation, the parties entered into a settlement agreement *1279 and stipulated that Johnnie Mae Grant, Wilson’s common law wife, and L.C. Wilson and Diane D. Wilson, Wilson’s children from a previous common law marriage, were wholly dependent upon Wilson at the time of his death and that they were entitled to support within the meaning of the Alabama Workmen’s Compensation Act. The parties also agreed to the amount of benefits owed the dependents. A hearing was held on the settlement petition. The trial court accepted the petition but reserved the dependents’ right to appeal the methodology utilized in computing the benefits owed. Johnnie Mae Grant appeals.
Section 25-5-60(l)b., Code 1975, provides that "[i]f the deceased employee leaves two or more dependents, there shall be paid to the dependents 66% percent of the average weekly earnings of the deceased.” Section 25-5-60(2) provides, among other things, that if the 66% percent of the average weekly earnings is less than the state's minimum weekly compensation rate then the compensation rate provided for under § 25-5-68 applies. At the time of Wilson’s death the state’s minimum weekly compensation rate was $98.
At the time of his death, Wilson’s § 25-5-60(l)b. compensation rate was $82.88 (.667 X $124.26). Because Wilson’s rate was less then the state’s minimum weekly compensation rate, the court applied § 25-5-68. The court determined that the dependents were entitled to an aggregate amount of $98 per week. The trial court then apportioned the amount between the three dependents. We find a detailed analysis of the apportionment to be superfluous to this appeal.
Johnnie Mae Grant contends that the trial court erred in apportioning the compensation rate between the three dependents. She asserts that each dependent is entitled to $98, the minimum weekly compensation rate.
Grant’s argument fails for a number of reasons. Initially we find that if the legislature had intended for each dependent to receive an unapportioned share of the minimum weekly compensation rate then it would have so provided. Instead we find the language in § 25-5-60(l)b. which provides that “there shall be paid to the dependents 66% percent of the average weekly earnings of the deceased” to be clear and unambiguous. The import of the § 25-5-60(l)b. language is not destroyed simply because Wilson’s compensation rate was subject to the minimum weekly compensation rate. Grant’s suggestion that each dependent is entitled to the whole is clearly not what was contemplated by the legislature. To award each dependent the state’s minimum weekly compensation rate would pay the dependents together more than Wilson earned each week while employed by Bracewell-Grant. We further find the case law regarding the discretionary apportionment power of the trial court to be supportive of our position. See Frawley v. United States Steel Mining Co., 496 So,2d 731 (Ala.1986); Ex parte Blansit, 380 So.2d 859 (Ala.1980); Pate v. Miller Transporters, Inc., 381 So.2d 64 (Ala.Civ.App.1979).
The trial court’s computation of the benefits owed the dependents was correct. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.